**Samuel E. SCOTT, Plaintiff, Appellant,**

v.

**Richard S. SCHWEIKER, Defendant, Appellee.**

**No. 82–1784.**

United States Court of Appeals, First Circuit.

Argued Feb. 1, 1983.

Decided March 8, 1983.

Mary Ellen McCarthy, Holyoke, Mass., for plaintiff, appellant.

Robert J. Triba, Asst. Regional Atty., Dept. of Health and Human Services, Boston, Mass., for defendant, appellee.

Before ALDRICH and BOWNES, Circuit Judges, and WYZANSKI,* Senior District Judge.

PER CURIAM.

Plaintiff brought this action seeking judicial review of the determination of the defendant, the Secretary of Health and Human Services, that plaintiff is no longer disabled and therefore ineligible for federal disability assistance under the Social Security Act. *See* 42 U.S.C. §§ 1381–85. In the district court both parties moved for summary judgment, and the court referred the matter to a United States Magistrate. On July 20, 1982, the magistrate issued her report, which found and recommended that defendant's motion for summary judgment be granted and that plaintiff's be denied.

Plaintiff filed no objections to the magistrate's report, and on August 9, 1982, the district court, noting plaintiff's failure to object, adopted the magistrate's recommendations. The court denied plaintiff's motion for summary judgment, granted defendant's motion, and entered judgment for defendant. Plaintiff appeals. Defendant

* Of the District of Massachusetts, sitting by des-    ignation.

seeks a dismissal of the appeal for failure to file timely objections to the magistrate's report.

Under the Federal Magistrate Act, 28 U.S.C. §§ 631–39, a district court is empowered to designate a magistrate to hear motions for summary judgment. *Id.* § 636(b)(1)(B). The magistrate is directed to file proposed findings and recommendations with the court, and "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations . . . ." *Id.* § 636(b)(1). The Act provides for de novo review in the district court of the objected to portions of the magistrate's report. *Id.*

In *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980), we interpreted the foregoing statutory provisions as a bar to appellate review when a party fails to raise objections to the magistrate's report within the statutorily prescribed ten-day limit. "[A] party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." *Id.* at 605. We have applied the same rule to criminal matters referred to a magistrate under this section of the Act. *See United States v. Vega,* 678 F.2d 376 (1st Cir.1982). Moreover, at least three other circuits have adopted the same interpretation of the statute. *See Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (Unit B in banc); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981); *McCall v. Andrus,* 628 F.2d 1185 (9th Cir.1980), *cert. denied,* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981).

We conclude that plaintiff, having failed to object to the magistrate's report, is precluded from pursuing the instant appeal. We add that our review of the record and the magistrate's report shows little chance of plaintiff's prevailing on the merits.

*Appeal dismissed.*