**Andrew P. GENNINGER**

v.

**Norman J. BUTLER.**

**Civ. A. No. 88–1320–T.**

United States District Court, D. Massachusetts.

Jan. 3, 1989.

Andrew P. Genninger, Norfolk, Mass., pro se.

Robert M. Mendillo, Asst. Atty. Gen., Criminal Bureau, Boston, Mass., for Norman J. Butler.

### ORDER

TAURO, District Judge.

Magistrate's Recommendation is Approved.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS THE PETITION (# 16)

ROBERT B. COLLINGS, United States Magistrate.

The issue raised by Respondent's Motion To Dismiss The Petition (# 16) is whether

the petitioner has exhausted his state court remedies as to grounds one, three and four of the petition. The respondent concedes that the claim contained in ground two of the petition has been exhausted.

Although the question is close, I believe that the petitioner has done what is minimally necessary to present fairly the substance of his federal habeas corpus claims to the state courts.

Almost a year ago, the First Circuit wrote:

> ... [A] petitioner may satisfy the exhaustion requirement by *any* of the following methods: (1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution. *See also Daye v. Attorney General of State of New York*, 696 F.2d 186, 192–193 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

*Gagne v. Fair*, 835 F.2d 6, 7 (1 Cir., 1987) (emphasis supplied).

As to each of grounds one, three and four, the petitioner has cited specific provisions of the United States Constitution and stated explicitly that each claim is, in part, based on alleged deprivations of the rights guaranteed by those provisions. I read the First Circuit's words that "a petitioner may satisfy the exhaustion requirement by *any* of the ..." methods listed as meaning that the list is to be read in the disjunctive rather than the conjunctive, and, therefore, any one of the means of satisfying the requirement may be sufficient. In the instant case, the petitioner, at a bare minimum, adequately employed the first means to alert the state courts to the fact that he was making claims under the federal constitution.

As to ground one, petitioner claims that it was error for the trial judge not to give a certain jury instruction and that he was the victim of ineffective assistance of counsel because his trial counsel did not request such an instruction. The next to last sentence of his brief on this issue to the Appeals Court reads:

> The combination of the judge's omission of an essential jury instruction and defense counsel's inattention to that omission deprived the defendant of his constitutional right to a fair jury trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

Brief ...for the Defendant, Etc., at p. 75.

It is clear that the petitioner is making a constitutional claim based in part on alleged violations of the Sixth and Fourteenth Amendments. Failure to give a requested instruction respecting a legal defense allegedly supported by the evidence and alleged "ineffective assistance" of counsel are descriptions which are traditionally used in claims asserted under the Fourteenth and Sixth Amendments respectively. Whether they would, standing alone, raise the "red flag" of constitutional breach is perhaps debatable; when coupled with a citation to specific amendments, they surely do.

Ground three involves the prosecutor's argument based on a portion of testimony which had been excluded during the trial. Again, the next to the last sentence of his brief to the Appeals Court on this issue reads, in pertinent part:

> Because ...the prosecutor's comment struck at the heart of the defense, the judge's allowing the prosecutor's misstatement to stand abridged the defendant's constitutional right to a fair trial. United States Constitution, Amendments Six and Fourteen. Massachusetts Declaration of Rights, Article XII.

Brief ...for the Defendant, Etc., at p. 60.

To be sure, a mere invocation of a violation of a right to a "fair trial" would, without more, be insufficient. *Dougan v. Ponte*, 727 F.2d 199, 201 (1 Cir., 1984). But when coupled with the citation to specific provisions of the Constitution, it is.

Ground four involves an allegation that the trial judge's refusal to strike inadmissi-

ble evidence deprived him of a fair trial. Again, the next to the last sentence of petitioner's brief to the Appeals Court on this issue reads:

The judge's failure to strike the police officer's inadmissible testimony on defense counsel's motion that he do so was error which abridged the defendant's right to a fair jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

Brief ...for the Defendant, Etc., at p. 79.

The analysis with respect to this claim is the same as the analysis applied to ground three. The allegation of a deprivation of a "fair trial" when coupled with reference to specific provisions of the United States Constitution which are alleged to have been violated is sufficient.

Of course, whether any of these grounds are meritorious, or even whether they state a claim for habeas relief are separate questions not addressed herein. The only issue to be decided on respondent's motion is whether the petitioner alerted the state court that he was basing his claims in the state courts at least in part on alleged violations of provisions of the United States Constitution; in my opinion, he has done so, at least to an extent which is minimally sufficient.

Accordingly, I RECOMMEND that the Respondent's Motion To Dismiss The Petition (# 16) be DENIED.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and these recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appel-late review. See *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also, Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).