**UNITED STATES of America**

v.

**Richard Clark JOHNSON, Peter Eamon Maguire, Martin Peter Quigley, Christina Leigh Reid, Gerald Vincent Hoy.**

**Crim. No. 89–221–MA.**

United States District Court,
D. Massachusetts.

April 27, 1990.

See also 738 F.Supp. 594.

Wayne A. Budd, U.S. Atty., Richard G. Stearns, Asst. U.S. Atty., Senior Litigation Counsel, for U.S.

Kevin J. O'Dea, Boston, Mass. for defendant Johnson.

No counsel for defendant Maguire.

Richard E. Bachman, Boston, Mass., for defendant Quigley.

William P. Homans, Jr., Boston, Mass., for defendant Reid.

Martin D. Boudreau, Boston, Mass., for defendant Hoy.

ORDER

MAZZONE, District Judge.

Approved and adopted as an order of this court.

REPORT AND RECOMMENDATION

ROBERT B. COLLINGS, United States Magistrate.

In Count III of the four-count superseding indictment, it is charged that the defendants, in the District of Massachusetts and elsewhere within the jurisdiction of the United States,

... did knowingly and willfully combine, conspire and agree to injure and destroy specific property belonging to the government of the United Kingdom, a government with which the United States is at peace, to wit: One or more of a total of less than seventy military helicopters of the Lynx, Gazelle, Puma, Chinook and Wessex class, based at the Royal Air Force Station at Aldergrove, Northern Ireland, and operated by officers and servicemen of the Royal Air Force and the Northern Ireland Regiment of the British Army Air Corps.

The charge contained in Count III is brought under Title 18, United States Code, Section 956 which provides:

§ 956. Conspiracy to injure property of foreign government.

(a) If two or more persons within the jurisdiction of the United States conspire to injure or destroy specific property situated within a foreign country and belonging to a foreign government or to any political subdivision thereof with which the United States is at peace, or any railroad, canal, bridge, or other public utility so situated, and if one or more such persons commits an act within the jurisdiction of the United States to effect the object of the conspiracy, each of the parties to the conspiracy shall be fined not more than $5,000.00 or imprisoned for not more than three years, or both.

(b) Any indictment or information under this section shall describe the specific property which it was the object of the conspiracy to injure or destroy.

The defendants Johnson, Quigley, Reid and Hoy have moved to dismiss Count III on the grounds that the superseding indictment fails to describe the property of the foreign government to be injured or destroyed with the specificity required by the terms of the statute.

The phrase "specific property" is not defined in the statute. The defendants contend that in order to comply with the stricture of § 956(b), the indictment must delineate the precise piece or pieces of property sought to have been injured or destroyed with exacting particularity. It is argued, for example, that the subject British army helicopters could be described by identifying serial numbers or perhaps by their specific location at a specific time. In contrast, the government interprets the language of 18 U.S.C. § 956 as permitting prosecutions of conspiracies to destroy specific classes of property as well as distinct individual pieces of property. Thus the issue raised by the defendants' motions to dismiss Count III is clearly drawn: what meaning is to be ascribed to the term "specific property" as that phrase is used in Section 956 of Title 18? Or, put another way, are the allegations set forth in Count III sufficiently specific?

In analyzing this issue, the Court first turns to an examination of the statute and its legislative history. When first enacted Section 956 was part of the Neutrality Act of 1917, P.L. 65–24, 40 Stat. 217 (1917). The stated purpose of the Act of 1917 was

to punish acts of interference with the foreign relations, the neutrality, and the foreign commerce of the United States, to punish espionage, and better to enforce the criminal laws of the United States and for other purposes.

40 Stat. 217 (1917)

Originally, Section 956 was Section 5 of Title VIII of the Act, denominated "Disturbance of Foreign Relations." 40 Stat. 226 (1917). As initially proposed, Section 956 contained no requirement that the specific property which was the object of the conspiracy to destroy be described. Rather, this language was apparently added during the course of the development of the bill. This sequence of evolution is evident from the legislative history devoted to Section 956.

The legislative history with respect to Section 956 is very limited. The sole relevant portion is the statement of Mr. John D. Moore representing the Friends Of Irish Freedom, including the colloquy between him and the Chairman of the House Judiciary Committee before whom he was testifying.

Mr. Moore appeared before the committee to voice his opposition to the bill as originally drafted. In his view

The real purport of the bill is not to prevent the destruction of property ... (but rather) that this bill was drafted for the benefit of two governments, the English Government and the Russian Government.

*Hearing on H.R. No. 291, before the Committee on the Judiciary, House of Representatives,* 65th Cong., 1st Sess. at p. 58 (1917). Mr. Moore's concern was that the bill as then drafted was far-reaching and could potentially be construed to reach and sanction the exercise of free speech and the right to hold meetings by those who supported Irish independence from Great Britain. The following dialogue ensued in response to Mr. Moore's remarks:

The Chairman. Suppose the committee should conclude to add to the end of

that section a statement to the effect that indictments under this section shall specifically state and describe the property intended to be destroyed?

Mr. Moore. That would remove most of the sharp teeth.

The Chairman. You do not think this Government ought to permit a conspiracy to destroy a definite piece of property in a foreign country with which this Government is at peace?

Mr. Moore. As mere destruction of property, certainly not.

The Chairman. The illustrations given us in reference to that matter were the attempts to destroy the Welland Canal, and one or two munition plants in Canada, and I think the Department of Justice could easily describe, and be required to describe definitely and specifically the property intended to be destroyed. That would not prevent your meetings, would it?

Mr. Moore. It would entirely change the nature of that paragraph.

*Hearings on H.R. No. 291, before the Committee on the Judiciary, House of Representatives,* 65th Cong., 1st Sess. at p. 59 (1917).

It appears from this exchange that the language regarding "specific property" was added to delimit the breadth of the proposed section such that it could not be applied to activities that could indirectly be seen to implicate foreign property, for example, meetings held in support of the Irish Republican movement. In other words, requiring the government to describe the specific property to be destroyed served to constrain the application of the statute to innocuous, constitutionally-protected activity. Read in this light, the specificity requirement in Section 956 does not mean that the property which is the object of the conspiracy to destroy needs to be described in minute detail. Rather, consistent with the purpose and objective of Section 956, and, indeed, Title VIII as a whole, it is sufficient that the indictment state and describe the property definitely and with a reasonable degree of specificity.

Ascribing this meaning to the term specific property, it is clear that the allegations in Count III are adequate to allege a violation of 18 U.S.C. Section 956. The general foreign property, i.e., British military helicopters, has been delineated by number, class and location in the superceding indictment. To require more specificity with respect to description of the property to be destroyed would be to subvert the purpose and intent of the statute, in effect, to render it meaningless. *United States v. American Trucking Associations, Inc.,* 310 U.S. 534, 542–3, 60 S.Ct. 1059, 1063–4, 84 L.Ed. 1345 (1940). The activity alleged in Count III is precisely the type of activity Section 956 was intended to sanction, actions which would disturb the foreign relations of the United States.

An indictment is sufficient to meet a specificity challenge

... if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. (citations omitted)

*Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *Russell v. United States,* 369 U.S. 749, 763–4, 82 S.Ct. 1038, 1046–7, 8 L.Ed.2d 240 (1962).

Having determined that the indictment adequately details the specific property to be destroyed, it is clear that the allegations of Count III of the superseding indictment pass muster under the twofold specificity test.

For all the reasons stated herein, I RECOMMEND that the motions of defendants Johnson, Quigley, Reid and Hoy to dismiss Count III of the superseding indictment (## 65, 10, 25, 81) be DENIED.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's

**594**

receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *United States v. Vega*, 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983). *See also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

April 9, 1990.