**ARTICULATE SYSTEMS, INC.**

v.

**APPLE COMPUTER, INC.**

**No. 96CV10345–RGS.**

United States District Court,
D. Massachusetts.

June 11, 1999.

Trinidad Arriola–Kern, Martha Beckwith, David L. Hayes, Fenwick & West, Palo Alto, CA, David C. McIntyre, Charlene M. Morrow, Banner & Witcoff, Ltd., Washington, DC, Monique L. Cordray, Fish & Richardson, La Jolla, CA, Mark J. Herbert, Jolynn M. Lussier, Jennifer T. Miller, John M. Skenyon, Fish & Richardson, Boston, MA., Howard G. Pollack, James H. Pooley, Fish & Richardson, P.C., Menlo Park, CA, for plaintiff.

Susan M. Reid, Fenwick & West, Palo Alto, CA, Jonathan G. Graves, Joseph P. Lavelle, Christopher N. Olsen, Fabrizio F.R. Rasetti, Robert F. Ruyak, Howrey & Simon, Washington, DC, John P. Iwanicki, Banner & Allegretti, Ltd., Boston, MA, Dale A. Malone, Banner & Witcoff, Ltd., Boston, MA, Thomas J. Scott, Hunton & Williams, Washington, DC, Michael H. Shanahan, Banner & Allegretti, Ltd., Boston, MA, Edwin H. Wheeler, Menlo Park, CA, for defendant.

### ORDER

STEARNS, District Judge.

On May 19, 1999, Magistrate Judge Karol issued a Report and Recommendation

regarding Apple Computer, Inc.'s (Apple) motion for partial summary judgment as to the date of notification of the alleged infringement. Neither party has filed an objection to the Magistrate Judge's determination that Articulate System, Inc. (Articulate) presented sufficient evidence for summary judgment purposes to establish that Articulate informed Apple as least as early as August of 1995 that its Plain Talk product infringed the '303 patent. Upon review of the Report, the court adopts the Recommendation. Apple's motion for partial summary judgment (Docket No. 107) is *DENIED.*

SO ORDERED.

***REPORT AND RECOMMENDATION REGARDING DEFENDANT APPLE COMPUTER, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE DATE OF NOTIFICATION OF ALLEGED INFRINGEMENT (DOCKET NO. 107)***

KAROL, United States Magistrate Judge.

Plaintiff, Articulate Systems, Inc. ("Articulate"), holds United States Patent 5,377,303 ("the '303 patent") on certain voice recognition software. The software allows a computer's operating system to recognize voiced utterances and convert them into recognizable commands, thus permitting the user to command the operating system through the use of his or her voice. Articulate claims in this lawsuit that Defendant, Apple Computer, Inc. ("Apple"), is offering a software product entitled "PlainTalk" that infringes the '303 patent. Apple has filed four motions for summary judgment or partial summary judgment, three of which remain before the court. This Report and Recommendation addresses only the second of the four motions, in which Apple moves "for an order deeming December 6, 1995 as the date of notice of Apple's alleged infringement of Articulate Systems Inc.'s U.S.Patent 5,377,303 and precluding an award of damages for any activities prior to that

date." *Defendant Apple Computer, Inc.'s Motion for Partial Summary Judgment as to the Date of Notification of Alleged Infringement,* Docket No. 107. For reasons set forth below, I recommend that the motion be **DENIED.**

I. *The Parties' Contentions*

The parties' contentions can only be understood against the background of 35 U.S.C. § 287 (West 1984 & Supp.1998) ("section 287"). Section 287 states in pertinent part:

> Patentees, and persons making, offering for sale, or selling any patented article for or under them, ... may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

The effect of section 287 in a case such as this one, where it is undisputed that marking did not occur until sometime after the first effective notice of infringement was given, is to limit a patent holder's damages for infringement to the time period following the giving of such notice. Apple contends that the earliest date on which notice was given was December 6, 1995, and that damages for infringement, if any, should be limited accordingly. Articulate contends that it first gave notice of infringement at a meeting in February 1995 and that it gave notice a second time at a

meeting in August 1995.[1] Apple does not dispute that discussions about the possibility of infringement took place at meetings on those dates or that oral notice, if otherwise sufficient to satisfy the statutory requirements, is valid. It denies, however, that Articulate conveyed sufficient information during the February or August discussions to satisfy the statutory notice requirements. Specifically, it contends that Articulate did not sufficiently identify on either of those dates either the patent that was being infringed or the Apple product that allegedly was infringing the '303 patent. Articulate responds that Apple is mistaken both in its understanding of what the law requires in order for notice to be effective and in its recollection of what matters were discussed at the February and August meetings.

Apple has not espoused a consistent position on what the law requires for notice to be effective. In its papers, Apple suggests that the party claiming infringement must identify, by patent number, the patent alleged to be infringed. Def.'s Mem. at 7–9. This argument receives some support from early cases that held generally, and without specific reference to a requirement that the number of the infringing patent be stated, that a notice of infringement, to be effective, had to include the same information required by section 287 for an effective patent marking. *Smith v. Dental Products Co.*, 140 F.2d 140, 152 (7th Cir.1944); *Franklin Brass Foundry Co. v. Shapiro & Aronson*, 278 F. 435, 437 (3d Cir.1921). On the other hand, the only case that squarely addressed the issue of whether the number of the infringed patent had to be included in the notice expressly rejected an argument that such a requirement existed. *See Ceeco Mach. Mfg. Ltd. v. Intercole, Inc.*, 817 F.Supp. 979, 986 (D.Mass.1992) ("... the crucial inquiry under the notice statute is not whether the plaintiff precisely stated the patent number or date of issuance to the defendant, but whether the plaintiff has acted affirmatively to notify his adversary of the essential information: that the plaintiff had a patent on a given item and that the defendant is infringing that patent").[2] Perhaps sensing some vulnerability in its original position, Apple retreated somewhat at oral argument. There it argued that what was required was that the accuser give the accused sufficient information about the patent, such as its title and date of issuance, to enable the accused to know with certainty what patent it was charged with infringing. *Hearing Transcript* ("Tr."), April 16, 1998, Docket No.

---

1. Since Apple's motion seeks an order establishing that notice was not given until December 1995 and precluding an award of damages for activities prior to that date, Apple's motion must be denied even if the first effective notice was not given until August 1995. Thus, if there is a genuine dispute as to whether effective notice was given in August 1995, it is unnecessary to consider for purposes of the present motion whether there is also a genuine dispute about whether Articulate gave effective notice as early as February 1995. *See Memorandum in Support of Defendant Apple Computer, Inc.'s Motion for Partial Summary Judgement as to the Date of Notification of Alleged Infringement* (Def.'s Mem.), Docket No. 110, at 3 ("Apple seeks an order specifying that damages are limited to acts of infringement, if any, subsequent to December 6, 1995"); *id.* at 2 ("summary judgment precluding an award of damages for allegedly infringing activities prior to December 6, 1995 is mandated").

2. Apple contends that *Amsted Industries v. Buckeye Steel Castings*, 24 F.3d 178 (Fed.Cir. 1994), overruled *Ceeco*. Tr. at 79. *Amsted* did no such thing. Not only did *Amsted* not mention *Ceeco*, but it did not address the issue of whether the patentee had to include in its notice the number of the patent alleged to be infringed. Rather, it held that, to be effective, the notice of infringement had to "affirmativel[y] communicat[e] ... a specific charge of infringement by a specific accused product or device." *Amsted*, 24 F.3d at 187. It went on to say that it was "irrelevant" that the defendant "knew of his own infringement," but *Ceeco* did not hold to the contrary. It, like *Amsted*, required that the patent holder *affirmatively* notify the defendant that its product was infringing the patent holder's patent. There simply is no inconsistency between *Ceeco* and *Amsted*.

179, at 76–77; *id.* at 114 ("As I said, we're not arguing the very narrow point of the number, but there has to be something more than 'We've got a patent' . . ."). Articulate, on the other hand, argued for an even less stringent requirement. Under its formulation, notice is sufficient if the accuser advises the alleged infringer that "1) it owns a patent; and 2) the infringer has a product that infringes that patent." *Articulate's Opposition to Apple's Motion for Partial Summary Judgment as to the Date of Notification,* Docket No. 117, at 3; *see also* Tr. at 78 (notice is sufficient if it advises alleged infringer that "accused has a patent and is accusing the infringer of infringing"). For reasons discussed in greater detail below, it is unnecessary for purposes of deciding the present motion to choose between these competing positions, since the summary judgment record contains evidence that notice given at the August 1995 meeting included information sufficient to satisfy even the most demanding standard.

## II. *The Summary Judgment Standard*

The standard for summary judgment is familiar. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Seal–Flex, Inc. v. Athletic Track & Court Constr.,* 98 F.3d 1318, 1321 (Fed.Cir.1996). At the outset, the "party moving for summary judgment bears the burden of identifying the evidence that demonstrates the absence of a disputed material issue of fact and establishes that the moving party is entitled to judgment as a matter of law." *Seal–Flex,* 98 F.3d at 1321. If the moving party meets this burden, the opposing party, to avoid summary judgment, "must respond with sufficient evidence to show that there is a material factual dispute and that, on the non-movant's evidence, the movant is not entitled to judgment as a matter of law." *Id.* In reviewing the non-

movant's case, the court must "view[ ] the evidence and draw[ ] factual inferences favorable to the party opposing the motion." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## III. *Analysis of the Summary Judgment Record Concerning the August 1995 Meeting*

The summary judgment record contains excerpts from the depositions of two witnesses that bear on the adequacy of the notice of infringement given by Articulate to Apple at the August 1995 meeting.

First, Ivan Mimi'ca ("Mimiça"), Articulate's founder, President and Chief Executive Officer, was deposed on April 25, 1997. Mimiça testified that he and Articulate's vice president, Peter Durlach ("Durlach"), had a dinner meeting with two Apple executives at a restaurant in Cambridge, Massachusetts in August 1995. Mimiça Dep., attached as Ex. A to *Plaintiff Articulate Systems, Inc.'s Response to Defendant Apple Computer, Inc.'s Statement of Undisputed Material Facts,* Docket No. 118, at 316–17. One of the Apple executives was the director of voice recognition. *Id.* According to Mimiça, Articulate called the meeting "so we could discuss the patent infringement." *Id.* at 317. He was then asked what he told the Apple representatives, and the deposition continued as follows:

A. That Apple was infringing our patent.

Q. Did you identify the patent?

A. Yes.

Q. How did you identify the patent?

A. By the number, the 303 number?

Q. Did you identify the potentially infringing product?

A. Yes.

Q. How did you identify that?

A. PlainTalk. That was me, and that was also Peter Durlach.

*Id.* at 318.

Later in the deposition, after it was confirmed that one of the Apple executives at the meeting was named Dick Toepfer, the examination returned to the subject of Articulate's communication of the patent number to Apple as follows:

Q. When you had your dinner with Mr. Toepfer, did you provide the complete patent number to Mr. Toepfer in that meeting?

A. You mean the 5,377,303?

Q. That's correct.

A. Peter did.

Q. Peter did?

A. Peter Durlach did.

Q. What did Peter say exactly?

A. He mentioned the number of the patent.

Q. The entire number?

A. To my best recollection.

Q. Okay. Did he identify the patent in any other way, to your knowledge?

A. To my best recollection, no.

*Id.* at 325–26.

The foregoing would appear to be sufficient evidence, even under the most demanding standard, to defeat Apple's motion for an order that sufficient notice of Apple's alleged infringement was not given until December 1995. Mimiça testified unequivocally that he specifically told Apple in August 1995 that its PlainTalk product was infringing an Articulate patent and that Durlach specifically gave Apple the number of Articulate's patent that Plain-Talk was infringing. More could not be required. Apple appears to make two arguments to counter this conclusion, however.

■ First, Apple argued at the hearing on its motion (but not in its memorandum) that Mimiça's testimony as to what Durlach said at the August 1995 meeting is inadmissible hearsay. Tr. at 92–93. Ap-

ple is mistaken. The issue is whether a certain notice was given, not whether the notice was correct or truthful. Therefore, Mimiça's testimony that Durlach told the Apple representatives the number of the Apple patent that PlainTalk was infringing was not hearsay. Rather, it was a classic operative statement that was not offered for its truth, but simply as proof that Durlach made the statement. *See* FED. R.EVID. 801(c) (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*") (emphasis supplied); *Knorr v. Pearson,* 671 F.2d 1368, 1372 (Cust. & Pat.App.1982) ("[T]he question is whether the ideas were communicated, the communication (as opposed to the truth) having legal significance"); 4 JACK B. WEINSTEIN & MARGARET A. BURGER, WEINSTEIN'S EVIDENCE, ¶ 801(c)[01] (1994) (collecting cases).

Apple's second argument is that Durlach himself testified at deposition that he did not recall whether he communicated the number of the infringed patent to Apple. As an aside, even if that were true, it would not, for summary judgment purposes, warrant the rejection of Mimiça's claim; after all, there is no inconsistency between deposition testimony by Mimiça to the effect that Durlach made a certain statement and deposition testimony by Durlach to the effect that he did not recall whether he made the statement or not. In point of fact, however, Durlach did not testify that he did not recall whether he communicated the patent number to Apple. Rather, at his May 1, 1997 deposition, Durlach testified as follows concerning the discussion at the August 1995 meeting:

Q. What did Mr. Mimiça specifically say in that meeting?

A. He told them that we had this patent; that PlainTalk violated it; and that we still wanted to work out some amicable relationship with Apple.

Q. Did he give him a copy of the patent?

A. No.

Q. Did he give them the patent number?

A. I don't remember, but I don't believe so.

Q. Did he describe how or in what way PlainTalk allegedly violated the patent?

A. I gave some general description to the gentlemen from Apple.

Q. What description did you give?

A. I don't really remember the details of what I said, something—

Q. As best you can remember now, what description did you give?

A. I really don't recall exactly what I said at that meeting in terms of details, how I described the infringement.

Durlach Dep., Ex. C. attached to Docket No. 118, at 296–97.

As this testimony reveals, although Durlach did not remember whether *Mimiça* gave Apple the number of the infringed patent, he, Durlach, was never asked whether he gave that number to Apple. Moreover, his testimony to the effect that he did not remember the details of what he said was with specific reference to Apple's questions regarding the manner in which PlainTalk infringed the '303 patent. Therefore, there is no inconsistency between Mimiça's testimony and Durlach's and no basis even for inferring from Durlach's testimony that he does not recall whether he himself gave the number of the infringed patent to Apple.

■ Taking all the foregoing into account and viewing the evidence in the light most favorable to Articulate—the non-moving party, we must conclude for purposes of Apple's motion that Articulate informed Apple at least as early as August 1995 that Apple's PlainTalk product infringed the '303 patent. This notice would satisfy even the most rigorous standard. Accordingly, Apple's request for an order that effective notice of infringement was not given until December 1995 should be **DENIED.**

IV. *Conclusion*

For all the foregoing reasons, I recommend that Defendant Apple Computer, Inc.'s Motion for Partial Summary Judgment as to the Date of Notification of Alleged Infringement (Docket No. 107) be **DENIED.**

V. *IMPORTANT NOTICE OF RIGHT TO OBJECT AND WAIVER OF RIGHT TO APPEAL FOR FAILURE TO DO SO WITHIN TEN DAYS*

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. *See United States v. Valencia–Copete,* 792 F.2d 4, 5–6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 148–149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986). May 19, 1999.