Juan SANTIAGO

v.

Duane J. McEACHERN.

Civil Action No. 08–10697–RGS.

United States District Court,
D. Massachusetts.

June 1, 2009.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Respondent.

### ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

STEARNS, District Judge.

I fully agree with Magistrate Judge Collings's conclusion in his Report that a statement that is not hearsay—that is, one not offered for its truth—cannot by definition be testimonial and therefore fall within the strictures of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See United States v. Jimenez*, 419 F.3d 34, 44 (1st Cir.2005). To the extent the contested statement may have been relevant to the officer's state-of-mind, he so testified at trial and was subject to cross-examination. For the reasons stated, the Magistrate Judge's Recommendation is *ADOPTED* and the petition is *DISMISSED* with prejudice.[1] The Clerk will close the case.

SO ORDERED.

### REPORT AND RECOMMENDATION ON PETITION UNDER 28 U.S.C. § 2254 FOR WRIT WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (# 1)

COLLINGS, United States Magistrate Judge.

The petitioner ("the petitioner" or "Santiago") was convicted in the Hampden Superior Court in Springfield of various drug offenses committed in Holyoke, Massachusetts. His sole claim in his habeas petition is that at trial, the Confrontation Clause of the United States Constitution was violated when a police officer was permitted to give certain testimony which the petitioner avers was inadmissible hearsay. The Massachusetts Appeals Court ruled that the evidence was not hearsay. *Commonwealth v. Santiago*, 70 Mass.App.Ct. 1111, 876 N.E.2d 1185 (2007) and the Supreme Judicial Court denied a petition for further review, 450 Mass. 1111, 882 N.E.2d 862 (2008). Because Santiago cannot show that the Appeals Court's decision was "... contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), the Court shall recommend that the Petition be denied.

The police officer who testified was Paul Barkyoumb of the narcotics unit of the Holyoke Police Department. (# 8, Respondent's Rule 5 Appendix, Exh. A at 65) On December 18, 2003, he and other officers had established surveillance in an area of Holyoke which is referred to as the "flats." (# 8, Exh. A at 66–67) His attention was drawn to three individuals who were standing in front of a corner store; Santia-

---

1. The court notes that despite an extended opportunity to do so, petitioner filed no objec- tions to the Report.

go was one of the three. (# 8, Exh. A at 71) The following colloquy ensued:

Prosecutor: Q. . . . you say your attention was drawn to them almost immediately, and why was that?

Officer Barkyoumb: A. We had received several complaints for individuals selling narcotics, all three individuals were standing right—

# 8, Exh. A at 74.

The trial judge overruled Santiago's counsel's objection based on relevance. (# 8, Exh. A at 74)

It is this last answer which Santiago avers was hearsay, although Santiago's counsel did not object to the testimony on that ground. Despite the failure to object on hearsay grounds, the Appeals Court went ahead and ruled that there was no violation of the Confrontation Clause because the testimony was not hearsay, specifically stating that ". . . the significance of the complaints received was not their truth, but rather how they influenced Barkyoumb's conduct." *Santiago,* 70 Mass. App.Ct. 1111, 2007 WL 4165179, at *2.

The Supreme Court has ruled that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As the First Circuit has noted, "*Crawford* analysis generally requires a court to consider two threshold issues: (1) whether the out-of-court statement was hearsay, and (2) whether the out-of-court statement was testimonial." *United States v. Earle,* 488 F.3d 537, 542 (1st Cir.) (citing

*Crawford,* 541 U.S. at 68, 124 S.Ct. 1354), *cert. denied,* —— U.S. ——, 128 S.Ct. 423, 169 L.Ed.2d 296 (2007); *United States v. Maher,* 454 F.3d 13, 20 (1st Cir.), *cert. denied,* 549 U.S. 1025, 127 S.Ct. 568, 166 L.Ed.2d 420 (2006).

In the instant case, the statement is not hearsay—the relevance of the statement was only that complaints were received, not whether the complaints in and of themselves were true. This was the point made explicitly by the Appeals Court, i.e., the fact that complaints were stated, whether true or untrue, was relevant to the reasons why Officer Barkyoumb's attention was drawn to the scene.

Although the precise contours of when statements are deemed "testimonial" has not been set forth by the Supreme Court, *see Davis v. Washington,* 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), that Court has held that statements ". . . are testimonial when the circumstances objectively indicate . . . that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis,* 547 U.S. at 822, 126 S.Ct. 2266 (footnote omitted).[2] It is manifest that the complaints received by the police department which Officer Barkyoumb noted do not fall within this category. They were not the result of any interrogation by the police or solicited in order to "establish or prove past events potentially relevant to later criminal prosecution."

Thus, the Appeals Court's decision can hardly be said to have been "contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-

---

2. The Supreme Court may further explicate the precise contours of the law of the Confrontation Clause in the case of *Commonwealth v. Melendez–Diaz,* 69 Mass.App.Ct. 1114, 870 N.E.2d 676 (Table), *rev. denied,* 449 Mass. 1113, 874 N.E.2d 407 (2007)(Table),

*cert. granted,* —— U.S. ——, 128 S.Ct. 1647, 170 L.Ed.2d 352 (2008). Oral Argument was heard on November 10, 2008, 2008 WL 4892843 (Nov. 10, 2008), but whatever further explication is forthcoming would not change the result in the instant case.

mined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).

For all of these reasons, I RECOMMEND that the judgment enter DISMISSING Santiago's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

The parties are hereby advised that pursuant to Rule 72, Fed.R.Civ.P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1st Cir.1988); *United States v. Emiliano Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).