TOTAL PETROLEUM PUERTO RICO
CORPORATION, Plaintiff

v.

Javier TORRES–CARABALLO, his wife,
Nerimar Perez–Maldonado, the conju-
gal partnership between them; Hiram
Andreu–Soto, his wife, Nora Benabe-
Benabe, the conjugal partnership be-
tween them; Jose Manuel Benabe-
Benabe; Julio C. Lopez, his wife, Car-
men Hiyda Mercado–Reyes, the conju-
gal partnership between them; Aluma
Construction, Corp.; S–S Service Sta-
tion, Inc.; Jose L. Crespo, his wife,
Anita Vazquez–Mulero, the conjugal
partnership between them; Santos
Pabon–Garcia; Jose Antonio Pabon-
Garcia, his wife, Elizabeth Santiago-
Rivera, the conjugal partnership be-
tween them; Sixto Pabon–Garcia;
Micada de Puerto Rico, Inc.; Other
Unknown Parties A, B, C, Defendants.

Civil No. 09–1402CCC.

United States District Court,
D. Puerto Rico.

Dec. 1, 2009.

Lee Sepulvado–Ramos, Jenyfer Garcia–
Soto, Jorge A. Galiber–Sanchez, Sepulvado
& Maldonado, PSC, San Juan, PR, for
Plaintiff.

Rafael Gonzalez–Velez, Gonzalez Velez
Law Office, Juan H. Saavedra–Castro,

Juan H. Saavedra Castro Law Office, Xana M. Connelly, Correa, Collazo, Herrero & Fortuno, San Juan, PR, for Defendants.

## ORDER

CARMEN CONSUELO CEREZO, District Judge.

Now before the Court is plaintiff's Motion Requesting the Court to Take Judicial Notice that the Trademarks of Total SA and Esso Standard Oil are Registered at the United States Patent and Trademark Office as Well as Other Relevant Facts (**docket entry 46**), which was opposed by the Pabón–García defendants (docket entry 47). The motion was referred to a Magistrate Judge, who filed a Report and Recommendation (**docket entry 67**), to which no objections were filed.

Plaintiff's motion requests that the Court take judicial notice that Total is a refiner of motor fuel and that both Esso's and its own trademarks are registered with the United States Patent and Trademark Office (USPTO). Defendant does not contest the facts for which Total seeks judicial notice:

> No one can really challenge the fact that Total S.A. is a refinery and manufacturer of motor fuels around the world. Likewise, it is fair to assume that Exxon/Mobile refines and manufactures motor fuels around the world. One can also infer that, generally, these companies sell the gasoline they refine and manufacture to the public through their own, or their franchisee' service stations.

> We may also assume, fro purposes of this motion, that Total, S.A. and Exxon/Mobile have in fact registered trademarks for their motor fuels.

Defendants' Opposition, at 1–2. It contends simply that they are irrelevant.

The Magistrate Judge, in his discussion of the motion, found that relevance is not a requisite for judicial notice. He then went on to find that judicial notice of the fact that Total is a refiner is appropriate. He also found that only one of Total's trademarks, # 2, 131, 701 is readily determined through the source to which the Court was referred by plaintiff. Therefore, he recommended that the Court take judicial notice only as to Total's business as an oil refiner and that it carries a trademark, # 2, 131, 701 registered with the USPTO, and deny the motion as to the other three registration numbers.

There being no objections to the Magistrate Judge's Report and Recommendation, and having reviewed the record, motion (**docket entry 46**), opposition (docket entry 47), and supporting documentation, the Court hereby ADOPTS the Report and Recommendation (**docket entry 67**) in its entirety and takes judicial notice of plaintiff Total as a refiner of motor fuel and of the Registration with the Patent and Trademark Office of its trademarks, # 2, 131, 701.

SO ORDERED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTO ARENAS, United States Chief Magistrate Judge.

Before the court is the motion of plaintiff Total Petroleum Puerto Rico Corporation ("Total") requesting that the court take judicial notice of certain purported facts. (Docket No. 46.) Total filed the motion on May 29, 2009, and defendants responded on May 30, 2009. (Docket No. 47.)

## I.  Procedural and Factual Background

Total is a franchisor of several gasoline retail stations in Puerto Rico, and defen-

dants are operators of various gasoline stations on the island. (Docket No. 1, at 4, ¶¶ 11–12.) On May 1, 2009, Total filed a verified complaint against these twenty-one defendants alleging trademark infringement for violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 34 of the Lanham Act, 15 U.S.C. § 1116; Section 35 of the Lanham Act, 15 U.S.C. § 1117; and Section 43 of the Lanham Act, 15 U.S.C. § 1125. (Docket No. 1.) Total complained of trademark infringement, unfair competition, the "passing off" of non-branded goods as those of Total, passing counterfeit products, false designation of origin, dilution and tarnishment. Total asked that defendants be ordered to immediately cease using, infringing, tarnishing or otherwise exhibiting or altering Total's Marks; to immediately cease selling non-Total petroleum products; to immediately surrender control and possession over the service stations in dispute; and to do the same with regard to all equipment for the storage and sale of petroleum products leased or owned by Total to defendants.

Total moves the court to take judicial notice pursuant to Federal Rule of Evidence 201(b) that it is a refiner of motor fuel and that Total and Esso each hold registered trademarks with the United States Patent and Trademark Office ("USPTO"). It does not submit copies of any trademark registration forms in support of its contention. Rather, it insists that the facts submitted for judicial notice can be readily verified by certain websites and by the online database of the USPTO. Defendants argue simply that the facts submitted by Total are "irrelevant." (Docket No. 47, at 1.) They do not otherwise contest Total's motion, stating that "[n]o one can really challenge the fact that Total, S.A. is a refinery and manufacturer of motor fuels around the world." (*Id.*) They also state that "[w]e may also as-

sume, for purposes of this motion, that Total, S.A. and Exxon/Mobil have in fact registered trademarks for those motor fuels." (*Id.* at 2.)

## II. DISCUSSION

█ Defendants have cited no authority for the proposition that relevance is a prerequisite for judicial notice. Rule 201(b) provides no such requirement, and the First Circuit has taken judicial notice of facts "although irrelevant to . . . the merits of th[e] case." *Kassel v. Gannett Co.,* 875 F.2d 935, 951 n. 16 (1st Cir.1989). Thus, even if defendants are correct that the facts submitted for judicial notice are irrelevant, they are nonetheless qualified for judicial notice if they satisfy the requirements of Rule 201(b). Accordingly, I turn to the substance of the law of judicial notice.

There are strict limits on the evidence a court may consider once a trial has concluded and the record is closed. "It is a fundamental principle of our jurisprudence that a factfinder may not consider extra-record evidence concerning disputed adjudicative facts." *Lussier v. Runyon,* 50 F.3d 1103, 1113–14 (1st Cir.1995) (finding "the [trial] court's acquisition of extra-record information by special delivery" was "beyond the pale"). " 'The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print.' " *United States v. Ofray–Campos,* 534 F.3d 1, 18 (1st Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 588, 172 L.Ed.2d 444 (2008), (quoting *Patterson v. Colorado,* 205 U.S. 454, 462, 27 S.Ct. 556, 51 L.Ed. 879 (1907)) (finding error where the court admitted extrinsic evidence not introduced at trial). Accordingly, "[c]ourts have tended to apply Rule 201(b) stringently—and well they might,

for accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." *Lussier v. Runyon,* 50 F.3d at 1114.

Under Rule 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Advisory Committee Note to that Rule provides:

> The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of testimony of the witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A *high degree of indisputability* is an essential prerequisite.

*United States v. Bello,* 194 F.3d 18, 23 (1st Cir.1999) (quoting Advisory Committee's Note to Rule 201).

To qualify for judicial notice under Rule 201(b)(1), the facts in controversy must "exist in the unaided memory of the populace; if the fact is one that a reasonable person would not know from memory but would know where to find, it falls within subdivision (2),' not (1)." *United States v. Bello,* 194 F.3d at 23 (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5105, at 4[89] (1977)). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *MVM Inc. v. Rodriguez,* 568 F.Supp.2d 158, 163 (D.P.R. 2008) (quoting *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir.1998)).

Total has simplified the present analysis by conceding the inapplicability of Rule 201(b)(1). It admits that "the facts requested by TPPRC [Total] to be noticed are not generally known to the public. . . ." (Docket No. 46, at 7, ¶ 25.) Thus, Total's only vehicle for judicial notice is Rule 201(b)(2); it must demonstrate that the facts in question can be readily ascertained by resort to some accurate source under Rule 201(b)(2).

█ The first fact offered for judicial notice under Rule 201(b)(2) is that Total is a refiner of oil. As the parties are well aware, the present litigation stems from a consolidated case in which defendants in this motion sought to enjoin the termination of their former franchises with Esso. *Santiago–Sepúlveda v. Esso Standard Oil Co. (Puerto Rico),* 582 F.Supp.2d 154, 179–80 (D.P.R.2008), *vacated in part by* 2009 WL 87586 (D.P.R. Jan.12, 2009). The parties in that case made much of whether Total was a "refiner," as defined under the Petroleum Marketing Practices Act ("PMPA"). 15 U.S.C. § 2801(5). This trend now continues, despite the fact that the present case has nothing to do with the PMPA.

Total does not, however, explicitly mention the PMPA in the motion. It speaks only of being a "refiner" in general terms. (Docket No. 46, at 2, ¶ 4, at 7, ¶ 24, at 9, ¶ 30.) Even if Total did urge a finding that it is a "refiner" under the PMPA, its request would pose a question of law rather than fact; the "fact" to be recognized would not be eligible for judicial notice. For these reasons, my inquiry addresses only whether Total is a "refiner" in the common sense of the word.

Total argues that, in a filing by the retailers in the separate PMPA litigation between the parties, the retailers admitted

that Total is a refiner. (Docket No. 46, at 8, ¶ 28; Docket No. 46–2, at 3; Civil 08–1950, Docket No. 263, at 3.) It is true that the retailers stated that a Total website "indicat[es] that Total refines 2.6 million barrels and sells 3.7 million barrels per day." (Docket No. 46–2, at 3.) First, however, I question the contention that the retailers' recounting of the contents of Total's website is the same as their admitting that the statements of the website are true. Second, it is true that "[c]ourts may take judicial notice of another court's order for the limited purpose of recognizing the judicial act or the subject matter of the litigation." *MVM Inc. v. Rodriguez,* 568 F.Supp.2d at 163 (citing *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994)). Total does not, however, cite to an order of the PMPA case, but rather cites to the filing of a party to the case. Moreover, parties "cannot sidestep their neglect to offer evidence in this case by asking the court to rule on the basis of the record in another case." *Guzmán–Ruiz v. Hernández–Colón,* 406 F.3d 31, 36 (1st Cir.2005); *MVM Inc. v. Rodriguez,* 568 F.Supp.2d 158, 164–65 (D.P.R.2008) (refusing to take judicial notice of facts established in a separate judicial proceeding). Accordingly, Total cannot sidestep its own shortcoming by asking the court to rule on the basis of the record in Civil 08–1950.

I find, nonetheless, that the fact that Total is a refiner of petroleum is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b)(2). Upon performing the most basic of internet searches, any individual will quickly find that Total Petroleum is engaged in the refining of oil and petroleum products. *See, e.g.,* www.total.com/en/group/activities/downstream (Total is "No. 1 in Western European refining and marketing ... with a worldwide refining capacity of approximately 2.6 million barrels of oil per day."). Accordingly, I find that judicial notice of the fact that Total is a refiner is appropriate.

■ Total next moves the court to judicially notice that it and Esso have registered trademarks. "[S]ome government documents are subject to judicial notice (albeit under certain limited conditions)...." *Lussier v. Runyon,* 50 F.3d at 1114. No published decision of the First Circuit or this district court addresses the propriety of granting judicial notice of the registration of intellectual property. There is precedent for doing so, however, in the District of Columbia Circuit, *Kaempe v. Myers,* 367 F.3d 958, 965 (D.C.Cir.2004) ("The documents recorded by the PTO [Patent and Trademark Office] ... are public records subject to judicial notice on a motion to dismiss."); the Eighth Circuit, *Vitek Sys., Inc. v. Abbott Labs.,* 675 F.2d 190, 192 n. 4 (8th Cir.1982) (holding that the court may take judicial notice of PTO filings); *Duluth News–Tribune v. Mesabi Publ'g Co.,* 84 F.3d 1093, 1096 n. 2 (8th Cir.1996) ("We take judicial notice of plaintiff's recent registration of the trademark 'Duluth News–Tribune.'"); and the Second Circuit, *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 261 (2d Cir.2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."). Thus, I find that I may judicially notice Total's and/or Esso's trademark registrations if support for the existence of those registrations can readily be found.

Total supplies the registration numbers of Total's and Esso's trademarks with the USPTO but attaches no exhibit to support the existence of the registrations. It contends that the registration records are visible at the USPTO website (http://www.

uspto.gov) upon the entry of the registration numbers into a database query. "[T]he fact that an agency report is 'published' on the world wide web does not affect the Court's ability to take judicial notice of the contents of that report." *Poirier v. Educ. Credit Mgmt. Corp. (In re Poirier)*, 346 B.R. 585, 588 (Bankr. D.Mass.) (quoting *In re Wellbutrin SR/Zyban Antitrust Litigation*, 281 F.Supp.2d 751, 755 (E.D.Pa.2003)). Given its status as an official United States agency website, I find that the USPTO website is a "source[ ] whose accuracy cannot reasonably be questioned."

Total neglects to inform the court that one cannot simply visit http://www.uspto.gov and enter the registration numbers that it provides. There are additional steps that must be taken, which the court was forced to determine independently. Total provides four different Total trademark registration numbers (954,788, 952,-416, 975,667, and 2,131,701), and one such number ostensibly pertaining to Esso (347,467). Only one of the Total registration numbers (2,131,701) returns an actual registration record, however, and the Esso number returns nothing. It can therefore not be said that the registrations numbers other than 2,131,701 are capable of accurate and ready determination by resort to the sources provided by Total. Accordingly, I find that judicial notice should not be granted as to the existence of the Esso trademark, or as to Total trademarks ostensibly identified as 954,788, 952,416, and 975,667. Total's trademark 2,131,701, however, is readily determined through the use of the website, and I therefore find that judicial notice is appropriate as to that trademark registration.

## III. CONCLUSION

In view of the above, I recommend that Total's motion be GRANTED in part and DENIED in part. I recommend that the court take judicial notice that Total is an oil refiner and carries a trademark (Number 2,131,701) registered with the USPTO. I recommend that the court decline, however, to take judicial notice that Esso has such a trademark.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).