Keenan **PELLOT**

v.

Luis **SPENCER.**

**Civil Action No. 08–10935–RGS.**

United States District Court,
D. Massachusetts.

Dec. 9, 2008.

Keenan Pellot, Norfolk, MA, pro se.

Eva M. Badway, Attorney General's Office, Boston, MA, for Respondent.

### ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

STEARNS, District Judge.

I agree with Magistrate Judge Dein that the petition falls under the absolute bar of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Consequently, the Report is *ADOPTED* and the petition *DISMISSED* with prejudice. The Clerk will now close the case.

SO ORDERED.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

November 13, 2008

DEIN, United States Magistrate Judge.

### I. INTRODUCTION

After his motion to suppress was denied, the petitioner, Keenan Pellot ("Pellot" or the "defendant"), was convicted in Berkshire Superior Court of trafficking in cocaine, possession of cocaine with intent to distribute (second offense), possession of marijuana (second offense), and furnishing alcohol to a person under twenty-one years of age. The Massachusetts Appeals Court, in an unpublished opinion, vacated and dismissed the possession with intent to distribute charge (second offense) as duplicative of the trafficking offense, and affirmed the remaining convictions. *Commonwealth v. Pellot,* 68 Mass.App.Ct. 1115, 863 N.E.2d 583 (Table), No. 05–P–779, 2007 WL 983844 (Mass.App.Ct. April 3, 2007). Pellot's application for leave to obtain further appellate review ("ALOFAR") was denied by the Massachusetts Supreme Judicial Court ("SJC") in an unpublished opinion. *Commonwealth v. Pellot,* 449 Mass. 1105, 868 N.E.2d 132 (2007) (Table). He then filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that his continued incar-

ceration at MCI–Norfolk violates federal law. Pellot raises two related grounds in his petition: first that his "conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure: fourth amendment violation," and second that his "motion to suppress evidence should have been allowed where the evidence was allowed by hearsay and defendant was not allowed to confront the alleged person that seized the evidence from him: sixth amendment violation." (Docket No. 1).

This matter is presently before the court on the Respondent's Motion to Dismiss the Petition. Therein, the respondent contends that review of the state courts' decisions denying Pellot's motion to suppress is precluded by the holding of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). It is well recognized that *Stone* bars "all habeas review of Fourth Amendment claims when those claims were fully and fairly litigated in state courts." *Evans v. Thompson,* 518 F.3d 1, 9 (1st Cir.2008). For the reasons detailed herein, this court concludes that *Stone* is applicable to the instant case, regardless of whether Pellot's claim is couched in terms of a violation of the his Fourth or Sixth Amendment rights. Therefore, this court recommends to the District Judge to whom this case is assigned that the motion to dismiss (Docket No. 8) be ALLOWED.

## II. STATEMENT OF FACTS [1]

### The Motion to Suppress

The defendant contends that his constitutional rights were violated because at the

hearing on his motion to suppress one police officer, Gary Kirby, was allowed to testify about what his partner, John Bassi, had observed and done even though the testifying officer allegedly had no personal knowledge of the events. (*See* Def. Mem. (Docket No. 14) at 5–6). Allowing such testimony, Pellot contends, violated his Sixth Amendment right to confront his accuser and the witness against him. (*Id.* at 6). This argument was addressed and rejected by the Appeals Court after a full hearing.

Specifically, on January 6, 2004, Pellot filed a motion to suppress, along with a supporting affidavit. (*See* SA Ex. A). An evidentiary hearing was held before Superior Court Associate Justice John A. Agostini on February 9, 2004. (*Id.*). Officer Kirby was the only witness. (*See* SA Ex. K). The next day, the motion judge issued a "Decision, Memorandum and Order on Defendant's Motion to Suppress", 2004 WL 5388096 ("Order") (included in SA Ex. D) addressing Pellot's claims that "his warrantless seizure was not justified by exigent circumstances and in violation of federal and state constitutional guarantees." (Order at 1). In his decision denying the motion to suppress, Judge Agostini made findings of fact, which were found to be supported by the record and which were adopted by the Appeals Court. *See Pellot,* 2007 WL 983844, at *1.[2] Briefly, the facts, with emphasis on those which are relevant to the defendant's claims, are as follows.

At approximately 1:00 a.m. on September 26, 2003, police officers Gary Kirby

---

1. The facts are derived from the Exhibits included in the Supplemental Answer filed by the Respondent at Docket Nos. 11 and 12 ("SA Ex. ___") or from state trial and appellate courts' findings of fact, which are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Gunter v. Maloney,* 291

F.3d 74, 76 (1st Cir.2002); *Rashad v. Walsh,* 300 F.3d 27, 35 (1st Cir.2002). Unless otherwise indicated, the facts are not in dispute.

2. The spelling of names is inconsistent in the various decisions. This court will use the spelling used by the Appeals Court.

and John Bassi of the Lanesboro Police Department saw a maroon Dodge Intrepid with one headlight out traveling northbound on Route 7. The defendant was the driver and a female minor, Stacy Polidoro, was in the front passenger seat. The marked police cruiser turned around and proceeded to follow the vehicle. The police activated the overhead lights on the cruiser, and followed the defendant's car, observing suspicious interactions between the occupants of the car as well as erratic driving. The vehicle finally stopped and both officers approached the car. As Officer Bassi approached the passenger door, he observed what appeared to be the handle of an automatic handgun protruding under a towel in the back seat, which the defendant claimed to be a paintball gun. Meanwhile, the defendant produced his license and registration using only his left hand. Despite being instructed to keep both hands in view, Pellot continued to move his right hand in the area of his right front pants pocket. Officer Kirby then ordered Pellot out of the car for a pat frisk.

Officer Bassi ordered Ms. Polidoro out of the car and placed her in handcuffs to conduct a pat frisk. After she had left the car, Officer Bassi observed a small plastic baggie with a leafy green substance on the floor below the passenger seat. Following the frisk of Ms. Polidoro, which did not produce any weapons, Officer Bassi helped Officer Kirby to handcuff the defendant, who was being uncooperative. Officer Bassi then observed a small plastic bag of marijuana protruding out of the defendant's pants pocket.

Officer Kirby then went back to the vehicle, identified the "weapon" in the back seat as a paintball gun, and found a plastic bag containing crack cocaine. Both occupants of the vehicle were placed under arrest. (*See generally Pellot*, 2007 WL 983844, at *1–2; Order at 2–4).

The motion judge held that the initial stop was a permissible traffic stop since the headlight was not working. (Order at 6). He then concluded that it was reasonable for the police to order the defendant out of the car and to handcuff him due to the "suspicious activities of the occupants of the car including the initial reluctance to pull the car over, the furtive hand movements between the driver and the passenger, the defendant's hand movements into his pocket and the observation of a weapon on the backseat[.]" (*Id.*). Finally, the judge found that the police were then entitled to check the car for weapons, and in particular, to ascertain the nature of the weapon on the backseat of the car. (*Id.* at 7). As he found, "[t]he circumstances of this case would certainly allow the police to perform a search of the vehicle for safety reasons, before allowing the driver and passenger back into the vehicle." (*Id.*). In addition, the motion judge found that the search was valid as being incident to an arrest. (*Id.* at 8).

Pellot challenges the testimony of Officer Kirby that Officer Bassi found the marijuana—an event that Officer Kirby allegedly did not observe. (Def. Mem. at 5). Thus, Pellot argues, since finding the marijuana formed the basis for the search of the vehicle which, in turn, led to the finding of cocaine, the fruits of the search should be suppressed as they were obtained in violation of his Sixth Amendment right to confront the witnesses against him. (*Id.* at 5–6).

### The Appeals Court Decision

On appeal to the Massachusetts Appeals Court, Pellot argued that the denial of his motion to suppress was in error for a number of reasons, that the evidence was insufficient to warrant a finding that he furnished alcohol to a minor, and that he

received ineffective assistance of counsel. The Appeals Court vacated the possession with intent to distribute conviction as duplicative of the trafficking conviction, but otherwise affirmed the remaining convictions. With respect to the claim presently before this court, the Appeals Court found, in a footnote, as follows:

> The defendant argues that the motion judge erred in finding that Officer Kirby had probable cause to arrest the defendant and Polidoro based upon information not gleaned from his own personal observations, but from Officer Bassi's "hearsay" statements indicating that he found marijuana on the floor of the vehicle. However, under the fellow officer rule, the law imputes to all officers, when working collaboratively, the knowledge of one. *Commonwealth v. Gullick*, 386 Mass. 278, 283 [435 N.E.2d 348] (1982) (arrest based on probable cause lawful where officer utilized knowledge of other officers). *Commonwealth v. Peters*, 48 Mass.App.Ct. 15, 18 [717 N.E.2d 266] (1999) (observations of one officer imputed to other officers, even if not communicated). In addition, the defendant's argument that admitting Bassi's "hearsay" violates his right of confrontation pursuant to art. 12 of the Massachusetts Declaration of Rights and the Sixth Amendment to the United States Constitution lacks merit because it is well-established that probable cause upon which an arrest is made may be predicated upon reliable hearsay. *See Commonwealth v. White*, 422 Mass. 487, 496–497 [663 N.E.2d 834] (1996).

*Pellot*, 2007 WL 983844, at *3 n. 4.

The defendant then filed an ALOFAR with the Massachusetts SJC. (SA Ex. I). Therein, he argued, *inter alia*, that his constitutional rights were violated by allowing Officer Kirby to testify about the actions of Officer Bassi. (*Id.* at 9–12).

The ALOFAR was denied without opinion on June 4, 2007, 449 Mass. 1105, 868 N.E.2d 132, and Pellot then filed his timely petition for habeas review.

Additional facts will be provided below where appropriate.

### III. *ANALYSIS*

In *Stone* the United States Supreme Court held unambiguously that:

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force.

*Stone*, 428 U.S. at 495–96, 96 S.Ct. at 3052–3053. In the instant case, the record is clear that the defendant fully and fairly litigated his Fourth Amendment claim. The motion judge held an evidentiary hearing and issued a detailed decision. The Appeals Court reviewed the factual and legal issues raised by Pellot's appeal, including all his challenges to the denial of his motion to suppress. Thus, Pellot's attempt to seek habeas review of the decisions denying his motion to suppress must fail.

Pellot seeks to circumvent this conclusion by arguing that he is not raising a Fourth Amendment claim, rather his petition is based on a claim of a violation of his Sixth Amendment right to confront the witnesses against him. By using such improper evidence, Pellot argues, he was denied an opportunity for a full and fair hearing on his Fourth Amendment claim.

(Def. Mem. at 6–7). This argument is not persuasive.

As an initial matter, it is clear that both grounds raised by the defendant in his habeas petition challenge the introduction of evidence at trial which he had moved to suppress. However phrased, Pellot is challenging the denial of his motion to suppress. Moreover, the decision in *Stone* precluding habeas review is not dependent upon the reason why a motion to suppress was allegedly erroneously denied. In fact, in *Stone* one defendant, Powell, had been arrested for violating a vagrancy ordinance that the federal courts, in connection with Powell's habeas petition, found to be unconstitutional. *Stone*, 428 U.S. at 470–71, 96 S.Ct. at 3040–41. On appeal, the Ninth Circuit Court of Appeals concluded that since the arrest was illegal, the search was illegal and the evidence should have been excluded. *Id.* at 471, 96 S.Ct. at 3041. In the case of another defendant, Rice, the search was conducted pursuant to a warrant that the federal habeas courts had found to be invalid due to an insufficient affidavit. *Id.* at 472–73, 96 S.Ct. at 3041–42. On appeal, the Eighth Circuit Court of Appeals affirmed the lower court's ruling that the evidence should have been excluded as well. *See id.* at 473–74, 96 S.Ct. at 3042. Despite the holdings that searches had been conducted in violation of the defendants' constitutional rights, and that the motions to suppress had been erroneously denied, the Supreme Court ruled that habeas review was not available.

Pellot's contention that his motion to suppress was wrongfully decided stands on no better footing than the defendants' claims in *Stone*. Like the *Stone* defendants, Pellot claims that an unconstitutional act resulted in an illegal search that violated his Fourth Amendment rights. *Stone* precludes habeas review of such claims.

The Supreme Court's ruling in *Stone* is based on the Court's conclusion that the "primary justification for the exclusionary rule," *i.e.*, "the deterrence of police conduct that violates Fourth Amendment rights," has only a slight relationship to claims of state prisoners on collateral review. *Id.* at 486, 493, 96 S.Ct. at 3048, 3051–52. The Court found it controlling that a claim of illegal search and seizure was seeking to suppress trustworthy evidence, and that the suppression of evidence "thus deflects the truthfinding process and often frees the guilty." *Id.* at 490, 96 S.Ct. at 3050. Pellot's claim is not substantively different than any other federal habeas claim that the state court erred in failing to suppress evidence which had been obtained in violation of a defendant's constitutional rights. Because Pellot "had—and exercised—an ample opportunity to litigate his Fourth Amendment claim fully and fairly in the state courts," he is prohibited "from relitigating that claim in his federal habeas proceeding." *Sanna v. Dipaolo*, 265 F.3d 1, 10 (1st Cir.2001).

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss (Docket No. 8) be ALLOWED.[3]

---

**3.** The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party

who objects to these proposed findings and recommendations must file a written objec-

tion thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–05 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998).