**Edward B. ELLIS, Petitioner**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 06–30013–MAP.**

United States District Court, D. Massachusetts.

July 28, 2006.

Aug. 30, 2006.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Respondent.

John M. Thompson, Thompson and Thompson, PC, Springfield, MA, for Petitioner.

*MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION WITH REGARD TO PETITIONER'S MOTION FOR POST–CONVICTION RELIEF* (Docket Nos. 1 & 17)

PONSOR, District Judge.

Petitioner has brought what he concedes is a successive petition pursuant to 28 U.S.C. § 2255. Respondent has moved for dismissal based on lack of jurisdiction, and in response Petitioner has requested transfer of the case to the United States Court of Appeals for the First Circuit.

The court referred the matter to Chief Magistrate Judge Kenneth P. Neiman for report and recommendation. On July 28, 2006, Magistrate Judge Neiman issued his Report and Recommendation, to the effect that the case be transferred to the Court of Appeals. No opposition has been filed to this Report and Recommendation by either party.

Because the Magistrate Judge's recommendation is clearly meritorious, upon *de novo* review, the court hereby ADOPTS the recommendation, without opposition. This case is hereby ordered transferred to the Court of Appeals for the First Circuit.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO PETITIONER'S MOTION FOR POST–CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 (Document No. 1)*

NEIMAN, Chief United States Magistrate Judge.

Edward B. Ellis a/k/a Rocco Ellis ("Petitioner"), a federal inmate in the midst of a 300–month criminal sentence, filed this *habeas corpus* action, *pro se*, on January 13, 2006. Since the action was styled a "motion" for post-conviction relief pursuant to 28 U.S.C. § 2255, the United States of America ("Respondent"), on April 27, 2006, filed an "opposition" to that motion (Document No. 13) in which it seeks dismissal of the action on jurisdictional grounds. On June 2, 2006, Petitioner, by then represented by counsel appointed by this court, filed a reply. (Document No. 15.) Thereafter, the matter was referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

For the reasons which follow, the court agrees with Respondent that the district court lacks jurisdiction over Petitioner's claim for section 2255 relief. The court, however, will not recommend that the action be dismissed, as Respondent contends, but rather will recommend that the action be transferred to the United States Court of Appeals for the First Circuit, as Petitioner suggests in his reply.

I. BACKGROUND

Only a brief background of this lengthy matter is necessary for present purposes. Petitioner was convicted in 1990 on three counts of interstate transportation of a minor with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423. In 1991, the First Circuit denied Petitioner's direct appeal. *See United States v. Ellis*, 935 F.2d 385 (1st Cir.1991).

In 1997, Petitioner filed a *pro se* action seeking *habeas corpus* relief pursuant to section 2255. *Ellis v. United States*, Civil Action No. 97–30085. Although the bulk of that action was assigned to the original trial judge, Senior District Judge Frank H. Freedman, several claims of judicial misconduct and bias were assigned to Senior District Judge Robert E. Keeton. Judges Freedman and Keeton, in due course, issued various orders. Ultimately, in 2002, the First Circuit denied Petitioner's request for *habeas corpus* relief. *See Ellis v. United States*, 313 F.3d 636 (1st Cir. 2002).[1]

Now, four years following the denial of his first *habeas* petition, Petitioner has filed the present action in which he again seeks *habeas* relief pursuant to section 2255. In addition, Petitioner has attached to his request a *pro se* "Motion ... Seeking Relief Pursuant to Federal Rule 35 for his Acknowledged 'Saving of Multiple Federal Officers' Lives.' "

II. DISCUSSION

As indicated, Respondent seeks dismissal of this action for lack of jurisdiction. According to Respondent, since proper jurisdiction over this successive section 2255 petition lies, in the first instance, with the First Circuit, it should be dismissed in this

---

**1.** Thereafter, in early 2005, Petitioner filed additional papers for Judge Keeton's review. On May 12, 2005, however, Judge Keeton ruled that the new papers were part of the

1997 *habeas* action and should be "DISMISSED for lack of authority in this court to engage in further adjudication in this matter." (Document No. 13, Ex. D.)

forum. For his part, Petitioner agrees that this is a successive section 2255 petition, but argues that the action should be transferred to the First Circuit, not dismissed.

■ Given the parties' essential agreement, only three points need be made. First, because this is undisputedly a successive section 2255 petition, there is clearly no jurisdiction in this court. According to section 2255, a second or successive petition "must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...." 28 U.S.C. § 2255, ¶ 8. Section 2244, in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). These requirements "strip[ ] the district court of jurisdiction over a second or successive petition unless and until the court of appeals has decreed that it may go forward." *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.1997) (citation omitted).

■ Second, it is well-settled in this circuit that a district court faced with an unapproved second or successive petition may either "dismiss it ... or transfer it to the appropriate court of appeals." *Id.* (citation omitted). The basis for a transfer stems from 28 U.S.C. § 1631. *See id.* at 57 n. 3. That statute provides, *inter alia*, that a transfer for lack of jurisdiction may be accomplished "if it is in the interest of justice."

■ In the present case, the court deems a transfer to be in the interest of justice. For one thing, Respondent has

offered no argument against such a transfer.[2] Moreover, the First Circuit has deemed transfers to "be preferable in some situations in order to deal with potential statute of limitations problems or certificate of appealability issues." *United States v. Barrett*, 178 F.3d 34, 41 n. 1 (1st Cir.1999). *See also Lewis v. United States*, 2000 WL 1889639, at *4 (D.Mass. Dec. 22, 2000) (transferring successive petition to the court of appeals simply because petitioner "failed to obtain permission from the First Circuit"); *Corso v. United States*, 2000 WL 1718537, at *1 (D.Mass. Nov. 13, 2000) (similar). Indeed, as the First Circuit notes, several circuits *require* that such petitions be transferred to the court of appeals. *See id.* (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997), *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997), and *Liriano v. United States*, 95 F.3d 119, 122 (2nd Cir.1996)). Those circuits recognize the hurdles often faced by *habeas* litigants, *e.g.*, the possibility "that a new action filed by the litigant would be barred as untimely," as well as the legislative history of section 1631 which "indicates that 'Congress contemplated that the provision would aid litigants who were confused about the proper forum for review.'" *Liriano*, 95 F.3d at 122. *Accord Coleman*, 106 F.3d at 342. Petitioner having originally filed his petition *pro se*, it is evident that such concerns may be at play here.

Third and finally, because the court is recommending a transfer, it offers no opinion on Petitioner's *pro se* "Motion ... Seeking Relief Pursuant to Federal Rule 35 for his Acknowledged 'Saving of Multiple Federal Officers' Lives.'" Not only has Petitioner designated that motion "an exhibit/attachment" to his section 2255 petition, he noted on its face that it was "NOT

---

2. Although the court's May 2nd Scheduling Order offered Respondent the opportunity to respond to Petitioner's reply—in which he

suggested that transfer was the appropriate response—Respondent did not take advantage of that offer.

a filing" in this case. Thus, if that motion should be filed anywhere, it would be in Petitioner's original criminal case—assuming such an avenue remains open to him—insofar as it invokes Fed.R.Crim.P. 35(b).[3]

### III. CONCLUSION

For the reasons stated the court recommends that the instant action be TRANSFERRED to the United States Court of Appeals for the First Circuit.[4]

3. Rule 35(b) provides, in part, that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved" certain information. Fed. R.Crim.P. 35(b)(2). In certain contexts, a criminal defendant may move to compel the government to file a Rule 35(b) motion on his behalf. *See United States v. Wilson,* 390 F.3d 1003, 1004 (7th Cir.2004); *United States v. Marks,* 244 F.3d 971, 973 (8th Cir.2001). According to Petitioner, his counsel has approached the government on this issue and there is a "slight possibility" of some agreement. (Document No. 15 at 13.)

4. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten** (10) **days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1 st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1 st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.