NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2116
_____

UNITED STATES OF AMERICA

v.

ALEXANDER RIVERA, a/k/a "REDS",

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-10-cr-00716-001)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted under Third Circuit LAR 34.1(a)
on May 22, 2013

(Filed: July 26, 2013)


Before:  RENDELL and GREENAWAY, JR., <u>Circuit Judges</u>, and
ROSENTHAL, <u>District Judge</u>.*

_____

*Honorable Lee H. Rosenthal, Judge of the United States District Court for the
Southern District of Texas, sitting by designation.

## O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

Alexander Rivera appeals his judgments of conviction and sentence for conspiracy to distribute cocaine, cocaine base, PCP, and heroin, and related drug and firearm offenses. Rivera claims error on three grounds: (1) the improper admission at trial of evidence obtained through electronic surveillance, (2) insufficient evidence to support the jury's verdict, and (3) the unreasonableness of his sentence. We will affirm.

I.

This case follows a multi-year drug trafficking investigation conducted by federal and local law enforcement in the Kensington neighborhood of Philadelphia, Pennsylvania. The investigation relied upon confidential informants, physical and electronic surveillance, and other investigative methods to gather information about a drug trafficking organization and its distribution and selling activities. The electronic surveillance included a wiretap of communications to and from Rivera's cell phone, as authorized by a July 6, 2010 warrant. The investigation also involved the September 7, 2010 execution of search warrants at five locations used by the organization, uncovering numerous guns and ammunition, drug packaging paraphernalia, and large quantities of cash and several types of illegal narcotics.

The investigation resulted in indictments charging Rivera and numerous co-defendants with various drug distribution conspiracy and substantive offenses in the

United States District Court for the Eastern District of Pennsylvania. Many of the co-defendants pled guilty and agreed to cooperate as witnesses.

Rivera proceeded to a jury trial. The Government's case centered around the evidence gathered during the course of the drug trafficking investigation, which showed that Rivera led and controlled drug distribution activity through a network of distributors and street-level sellers and by permitting other dealers to make rental payments for the right to sell at certain locations controlled by his organization. On November 28, 2011, the jury convicted Rivera of all twelve counts against him. Following his conviction, the District Court sentenced Rivera to life imprisonment, plus a 60-month consecutive term of imprisonment for possession of a firearm in furtherance of a drug trafficking crime, and imposed an eight-year term of supervised release, a fine, and a special assessment. Rivera timely appealed.[1]

II.

Rivera argues that the wiretap evidence of his cell phone communications was subject to exclusion at trial because the affidavit in support of the wiretap did not establish the necessity for the wiretap as required by 18 U.S.C. § 2518(1)(c) and § 2518(3)(c). We disagree.[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] This Court reviews de novo whether a full and complete statement has been made substantiating the need for the wiretap, and reviews for abuse of discretion the District Court's determination of necessity. *See United States v. Phillips*, 959 F.2d 1187, 1189 (3d Cir. 1992).

3

The affidavit stated "whether or not other investigative procedures ha[d] been tried and failed or why they reasonably appear[ed] to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(1)(c), and those conditions were sufficiently demonstrated, *id*. § 2518(3)(c). The affidavit reflected that, despite employing several traditional investigative methods during the course of the investigation, including the use of informants, cooperating defendants, physical surveillance, and the use of pen register and telephone toll records, investigators of the drug trafficking organization were unable to obtain certain vital information about the conspiracy such as its scope and the precise roles of all co-conspirators involved. The affidavit also demonstrated that the use of undercover agents was too dangerous and that the execution of a search warrant would have prompted the suspension of distribution activities and impeded collecting evidence. Furthermore, the utility of other methods of investigation to obtain some information does not foreclose the possibility that a wiretap is necessary to obtain other information. *See United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997) ("18 U.S.C. § 2518(3)(c) does not require the government to exhaust all other investigative procedures before resorting to electronic surveillance."). We conclude that the District Court did not abuse its discretion in admitting this evidence at trial.

III.

Rivera claims that the District Court erred in denying his motion for judgment of acquittal on the grounds of evidence insufficiency. He primarily contends that the uncorroborated testimony of cooperating witnesses is insufficient to support a conspiracy conviction, and that evidence of his mere knowledge of illegal activity alone does not

4

establish he joined the conspiracy. *See* Appellant Br. at 16. With respect to the substantive drug offenses, he argues insufficiency of the evidence on the grounds that there was a lack of direct evidence showing that during the specific sales in question he sold, was present, or participated in the distribution. *See id.* at 16-18. Similarly, he claims the evidence did not demonstrate he had control or constructive control of a firearm to support his firearm conviction. *See id.* at 21-22. Because Rivera did not raise these specific arguments before the District Court, he concedes that plain error review applies. *See id.* at 18. We conclude that the District Court committed no error.

Contrary to Rivera's contention otherwise, there was sufficient evidence to support his conspiracy conviction. At trial, the accomplice testimony establishing that Rivera was a conspirator was corroborated through the consistent testimony of multiple witness-accomplices, wiretap evidence, and evidence obtained pursuant to search warrants at various properties used by Rivera. Furthermore, even if any accomplice testimony was uncorroborated, such "'testimony may constitutionally provide the exclusive basis for a criminal conviction' . . . particularly [when] the defense has ample opportunity to cross-examine the Government's witnesses." *United States v. Perez*, 280 F.3d 318, 344 (3d. Cir. 2002) (quoting *United States v. DeLarosa*, 450 F.2d 1057, 1060 (3d Cir. 1971)).

Likewise, the record reflects that there was sufficient evidence of the substantive offenses to support the jury's verdict. The evidence of the drug offenses was in the form of testimony from a cooperating witness testifying that he purchased crack directly from Rivera (Count 3), as well as circumstantial evidence of Rivera's participation in or

5

association with the drug sales (Counts 2-4, 10-11, and 15-19). *See United States v. Mercado*, 610 F.3d 841, 846 (3d Cir. 2010) ("An aiding and abetting conviction can be supported solely with circumstantial evidence as long as there is a logical and convincing connection between the facts established and the conclusion inferred." (internal quotation marks omitted)). As to Rivera's firearm conviction, the various weapons, magazines, ammunition, and drugs recovered by investigators executing a search warrant at the garage behind 3439 F Street, in conjunction with several witnesses' testimony that Rivera personally stored firearms and drugs at that location, were sufficient to show his control or constructive control of the weapons. *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) ("Constructive possession occurs when '[a] person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" (emphasis omitted) (quoting *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999)).

In light of these considerations, and having viewed the evidence in the light most favorable to the Government, we conclude a rational trier of fact could have found beyond a reasonable doubt the essential elements of the drug distribution conspiracy and related drug and firearm offenses for which the jury convicted Rivera. *See United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) ("If *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, then the verdict of the jury must be sustained." (citation omitted) (internal quotation marks omitted)). It follows that we cannot say that the District Court has committed plain error in denying Rivera's motion for judgment of acquittal.

6

IV.

Rivera also challenges the reasonableness of his sentence on five grounds.  We conclude that none provide reason to disturb the District Court's sentence.

First, Rivera argues that the mandatory minimum provision of 21 U.S.C. § 841(b)(1)(A) and § 851, under which he received a mandatory sentence of life imprisonment based upon his two prior felony drug convictions, is unconstitutional on its face and as applied to him.  However, his argument is squarely rebutted by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which upheld the constitutionality of the recidivism provision on the basis that prior judgments of conviction are not elements of the offense that must be submitted to a jury and proved beyond a reasonable doubt.  Notwithstanding any existing criticism of *Almendarez-Torres*, this Court is bound by this precedent unless it is overturned, and we have recently discussed the continued vitality of *Almendarez-Torres*.  *See Garrus v. Sec'y of Pa. Dep't of Corr.*, 694 F.3d 394, 401-03 (3d Cir. 2012) (en banc).  Accordingly, Rivera's argument does not provide a basis for reversal.[3]

Second, Rivera urges that the District Court should not have applied the mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) because his two prior convictions, arising from separate arrests occurring over a year apart, were consolidated for sentencing.  This argument, however, is contrary to the plain

---

[3] Because *Almendarez-Torres* squarely addresses the issue raised by Rivera with respect to his prior felony drug convictions, his arguments concerning *Harris v. United States*, 536 U.S. 545 (2002), *overruled by Alleyne v. United States*, 133 S. Ct. 2151 (2013), are inapplicable here.  *See also Alleyne*, 133 S. Ct. at 2160 n.1 (acknowledging that *Almendarez-Torres* is undisturbed by the overruling of *Harris*).

7

language of the statute, which provides for mandatory life imprisonment when the defendant has "two or more prior *convictions* for a felony drug offense."  21 U.S.C. § 841(b)(1)(A) (emphasis added).  The statute does not provide any exception for treating two convictions for which concurrent or consolidated sentences were imposed as anything other than two separate convictions.  *See United States v. Harris*, 369 F.3d 1157, 1168 (10th Cir. 2004) ("The plain language of § 841(b)(1)(A) only requires the existence of 'two or more prior convictions for a felony drug offense,' and there is no exception for cases . . . where concurrent sentences were imposed for two or more separate drug convictions."); *cf. United States v. Randolph*, 364 F.3d 118, 124 (3d Cir. 2004) (observing that several circuits have recognized that "under this section [§ 841(b)(1)(A)], multiple counts of a single indictment constitute separate convictions, as long as they arise from separate and distinct criminal episodes").

Third, Rivera similarly argues that because his prior convictions were consolidated for sentencing, the District Court abused its discretion in classifying him as a career offender under U.S.S.G. § 4B1.1 (2009) by considering the prior convictions as separate. *See* Appellant Br. at 27.  We disagree.  "[T]he imposition of sentences for multiple offenses at the same time by the same judge does not render the cases 'consolidated for sentencing,' and, therefore, related within the meaning of [U.S.S.G.] § 4A1.2(a)(2), in the absence of either a formal consolidation order or a close factual relationship between the offenses." *United States v. Wood*, 526 F.3d 82, 87 (3d Cir. 2008).  Because Rivera's convictions arose from separate incidents and arrests, Rivera's prior convictions are not

related within the meaning of U.S.S.G. § 4A1.2(a)(2), and there was no abuse of discretion in classifying him as a career offender.

Fourth, Rivera contends that the District Court erred in applying the four-level enhancement for his role as the leader of the conspiracy under U.S.S.G. § 3B1.1(a). *See* Appellant Br. at 27. We conclude this claim fails due to the substantial testimony and other evidence establishing his leadership role, including multiple recorded telephone conversations obtained through the wiretap and multiple witnesses' testimony that they worked for and were supervised by Rivera.

Fifth, Rivera argues that the District Court abused its discretion by failing to adequately consider the 18 U.S.C. § 3553(a) sentencing factors. *See* Appellant Br. at 29. His argument, however, is contradicted by the sentencing record, which reflects that the District Court examined the relevant factors under § 3553(a), articulating a thorough analysis driven, in part, by the seriousness of Rivera's offenses and criminal history. The District Court also disagreed with Rivera's argument that a lesser sentence would be adequate. The Court reasoned that the sentence imposed would send a warning to the community about the consequences of engaging in the distribution of illegal narcotics and that his sentence would protect the community from the danger he poses. The District Court also acknowledged that Rivera has young children, but noted that, in spite of his prior drug convictions and his children, Rivera ignored the consequences and elected to engage in the offensive conduct. Given our review of the Court's consideration of the § 3553(a) factors, we discern no procedural error.

V.

For the reasons set forth above, we will affirm the District Court's judgment of conviction and sentence against Rivera.