Tony BARROW, Petitioner

v.

UNITED STATES of America, Respondent.

Civil No. 07–1970 (FAB).
Criminal No. 03–328 (FAB).

United States District Court,
D. Puerto Rico.

Nov. 21, 2013.

Tony Barrow, Petersburg, VA, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarria v. Pichis, Inc.*, 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On October 29, 2013, the United States magistrate judge issued a thorough Report and Recommendation ("R & R") (Docket No. 33), recommending that petitioner's Supplemental Motion to Vacate, Set Aside or Correct Sentence (Docket No. 31), be **DENIED** for lack of jurisdiction. The parties had until November 15, 2013 to object to the R & R, but no objection was filed. Therefore, they have waived the right to further review in the district court. *Davet*, 973 F.2d at 30–31.

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations. Accordingly, petitioner's Supplemental Motion to Vacate, Set Aside or Correct Sentence (Docket No. 31) is **DENIED.**

**IT IS SO ORDERED.**

*REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

### I. INTRODUCTION

This matter is before the court on petitioner Tony Barrow's supplemental motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, filed on September 30, 2013. (Docket No. 31). While he titles the motion supplemental, it is not supplemental to anything since there is nothing pending in this court which invites supplementation. I previously issued a report and recommendation in this case and use my previous report as a framework for the new issues raised by again petitioner. Having considered the arguments he raises, and for the reasons set forth below, I recommend that petitioner Barrow's supplemental or second motion to vacate, set aside, or correct sentence be DENIED for lack of jurisdiction.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2003, a federal grand jury in the District of Puerto Rico charged Tony Barrow in a two-count indictment. (Criminal 03–0328, Docket No. 5.) Count one charged that on or about November 16, 2003, the defendant knowingly, intentionally, and unlawfully imported into the United States from a place outside thereof, that is, St. Marten, Netherlands Antilles, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 952(a), and 960(a)(1) and (b)(2)(B). (*Id.*) Count two charged that on or about the same date the defendant knowingly, intentionally, and unlawfully possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). (*Id.*) Petitioner entered a plea of not guilty at arraignment. Motion practice followed.

Petitioner decided that he would exercise his right to trial by jury. On August 4, 2004, the United States filed an information under 21 U.S.C. § 851 seeking an

enhanced penalty upon conviction. The jury trial began on August 5, 10, 2004 and petitioner was convicted on August 11, 2004. He was sentenced on November 16, 2005 to two concurrent 262–month terms of imprisonment. The sentence was appealed and affirmed. *United States v. Barrow,* 448 F.3d 37 (1st Cir.2006). A petition for a writ of certiorari was denied on October 2, 2006. *Barrow v. United States,* 549 U.S. 871, 127 S.Ct. 176, 166 L.Ed.2d 124 (2006).

On October 16, 2007, petitioner filed a section 2255 motion attacking the performance of his defense counsel on all levels. I issued a report and recommendation denying the motion on December 7, 2009. (Docket No. 14). It was unopposed and the court, after making an independent examination of the entire record, adopted the same on December 30, 2009 and directed the entry of judgment accordingly. (Docket Nos. 15, 16). The judgment of dismissal was appealed. ·

On March 12, 2010, the court issued an order denying a certificate of appealability, (Docket No. 21), because petitioner had failed to make a substantial showing of the denial of a constitutional right. Title 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner appealed and the court of appeals denied the request for a certificate of appealability on June 14, 2010, noting that he had failed to establish entitlement to an evidentiary hearing, and had not made a substantial showing of the denial of a constitutional right. Title 28 U.S.C. § 2253(c)(2); *Moreno–Morales v. United States,* 334 F.3d 140 (1st Cir.2003). (Docket No. 29).

## III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). Collateral attack on nonconstitutional and nonjurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Knight v. United States,* 37 F.3d 769, 772 (1st Cir.1994) (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion. *See United States v. Kayne,* 90 F.3d 7, 14 (1st Cir.1996).

### A. Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[T]he 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" *Sleeper v. Spencer,* 510 F.3d 32, 38 (1st Cir.2007) (quoting *Yarborough v. Gentry,* 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)). The two part test for constitutionally ineffective assistance of counsel was set forth in

the *Strickland* case. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052; *see also Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996); *Knight v. United States,* 37 F.3d at 774. The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.' " *Owens v. United States,* 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). The defendant bears the burden of proof for both elements of the test. *See Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005) (citing *Scarpa v. Dubois,* 38 F.3d 1, 8–9 (1st Cir. 1994)).

■ " '[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.' " *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d at 23 (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052).

■ The second element of the *Strickland* test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Argencourt v. United States,* 78 F.3d at 16 (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dugas v. Coplan,* 428 F.3d 317, 334 (1st Cir.2005) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.' " *González–Soberal v. United States,* 244 F.3d 273, 278 (1st Cir.2001) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052).

Petitioner alleges that "the district court erred by not submitting the [Title] 21 U.S.C. § 851(a)(1) information to the jury once [the] defendant was [found] guilty." He notes that he is filing the present section 2255 motion under the provisions of 28 U.S.C. § 2255(f)(3). In a novel and facially counterproductive argument, petitioner alleges that the court erred in enhancing his sentence without that information being provided to the jury since any element that raises the minimum or maximum of a sentence to a jury must be evaluated by that jury and not found by a preponderance of the evidence by a judge. (Docket No. 31 at 10). This argument is short lived and finds its demise in the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (a defendant's prior conviction need not be presented to the jury); *see United States v. Rivera,* 532 Fed.Appx. 304, 307–08 (3rd Cir.2013). Petitioner also argues that the court sentenced him as a career offender in error since the government made an untimely request for such a sentencing. (Docket No. 31 at 11). This argument is simply undeveloped. Defense counsel was arguably ineffective during this process for not attacking the over-representation of criminal history category and for not producing favorable information under the 18 U.S.C. § 3553(a) factors.

Congress has established strict limitations and requirements in order for a federal convict to file a *motion* under section 2255 seeking a post-conviction remedy.

Title 28 U.S.C. § 2255(f) reads as follows:

(f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner relies on a newly recognized right announced by the United States Supreme Court under 28 U.S.C. § 2255(f)(3). The date of that announcement is June 17, 2013, the date *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) was decided. No doubt petitioner actually argues that *Alleyne* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). In overruling its own case law, the Supreme Court held the following:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty of a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. at ——, 133 S.Ct. at 2155.

Petitioner traces the holding of *Alleyne* in relying on 28 U.S.C. § 2255(f)(3) to bring his supplemental claim, relying on a new limitations period. The problem with petitioner's argument is that he has found a fifty percent solution because, while *Alleyne*, which reads like and is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did set forth a new rule of constitutional law, the rule does not apply retroactively to cases on collateral review. *See In re Payne*, 733 F.3d 1027, 1030 (10th Cir.2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013); *United States v. Popa*, 2013 WL 5771149 (D.Minn. Oct. 24, 2013) at \*3; *cf. Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). District Judge Tunheim tersely described the portent of *Alleyne*. "*Alleyne* is not a new "watershed" decision but rather an extension of the Supreme Court's earlier decision in *Apprendi v. New Jersey*, 530 U.S. 466[, 120 S.Ct. 2348, 147 L.Ed.2d 435] (2000)." *United States v. Popa*, 2013 WL 5771149 at \*3 (citing cases cited above). Thus the *Alleyne* decision is not applied retroactively. *See Dodd v. United States*, 545 U.S. 353, 359–360, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *cf. Teague v. Lane*, 489 U.S. 288, 300–310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Furthermore, *Alleyne* did not address prior conviction sentencing enhancements but merely extended the rationale of *Apprendi*. *See United States v. Flowers*, 531 Fed.Appx. 975, 985 (11th Cir.2003). However, *Alleyne* did state that it was not addressing the exception to the general rule which is the fact of a prior conviction. *Alleyne*, 570 U.S. at ——, 133 S.Ct. at 2160 n. 1. In any event, petitioner's collateral review was over and final three years ago, so that his "supplemental"

motion is such only in petitioner's belief. Men willingly believe what they wish. (*Fere libenter homines id quod volunt credunt.*) Julius Caesar, "De Bello Gallico", I. iii. 18. *A fortiori*, because this is not a supplemental motion under section 2255, it is clearly a second or successive motion under section 2255 and therefore this court lacks jurisdiction to entertain the same. I explain.

The last paragraph of section 2255 reads:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

■ It is settled that before submitting a second or successive petition under section 2255, whether or not petitioner titles it so, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); *In re Goddard*, 170 F.3d 435, 436 (4th Cir.1999); *see Cintron–Caraballo v. United States*, 865 F.Supp.2d 191, 196–197 (D.P.R.2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Coplin–Bratini v. United States,* 2009 WL 605758

(Mar. 9, 2009), citing *Trenkler v. United States,* 536 F.3d 85 (1st Cir.2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. *See e.g. Moreno–Morales v. United States,* 334 F.3d at 145.

There is no doubt that notwithstanding the misnomer of the pleading, this is a second or successive 2255 motion and permission is needed of the court of appeals before its filing in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has made no such request, and therefore the district court is precluded from considering such petition absent the above-mentioned authorization. *United States v. Key*, 205 F.3d at 774. However, the inquiry does not necessarily end here.

## B. DISMISSAL vs. TRANSFER

■ The other issue in the successive 2255 inquiry is whether the petition should be dismissed or transferred to the court of appeals as a request for authorization to file a second petition under section 2255. The First Circuit Court of Appeals has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.1997); *Ellis v. United States*, 446 F.Supp.2d 1, 3 (D.Mass.2006); *see United States v. Caribe–Garcia*, 711 F.Supp.2d 225, 227–28 (D.P.R.2010). Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210

F.3d 1147, 1150 (10th Cir.2000); *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir.1999); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631; *United States v. Caribe–Garcia*, 711 F.Supp.2d at 227–228. Because *Alleyne* did not create a watershed rule and is merely an extension of *Apprendi*, the "supplemental" motion is time-barred. *See Bultmeyer v. Grondolsky*, 2013 WL 5538450 (D.Mass. October 4, 2013) at *5, n. 10 (cases compiled). Consequently the petition should be dismissed, not transferred. *Cf.* 28 U.S.C. § 1631. An extraordinary writ should not issue.

## IV.  CONCLUSION

This "supplemental" motion filed three years after this case reached a degree of finality is actually a second or successive motion under section 2255 and therefore the court lacks jurisdiction to consider the same. Because it is untimely, and the reasons given by petitioner for the tardy filing is that he "did not know the law" and that once he "started to do research" he "realized that the *Alleyne* case applied" to his sentence, (Docket No. 31 at 7), there is no reason to ignore the time constraints of the Antiterrorism and Effective Death Penalty Act of 1996.

In view of the above, I find that petitioner Tony Barrow's motion is timebarred. Accordingly, it is my recommendation that petitioner Tony Barrow's second or successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 should be DENIED for lack of jurisdiction.

Based upon the above reasoning, it is also my recommendation that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell*, 537 U.S. at 336–38, 123 S.Ct. 1029.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).

In San Juan Puerto Rico this 29th day of October, 2013.