FILED
United States Court of Appeals
Tenth Circuit

March 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARIO CASTILLO,

      Defendant - Appellant.

No. 13-3293
(D.C. Nos. 2:13-CV-02430-JWL &
2:07-CR-20100-JWL-4)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

Mario Castillo seeks a Certificate of Appealability ("COA") for review of the

federal district court's denial of his motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. We deny COA because no reasonable jurist could disagree with

the district court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C.

§ 2253(c)(1)(B).

Mr. Castillo pled guilty to conspiracy to distribute and possess with intent to

distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine in

violation of 21 U.S.C. §§ 841 and 846. His plea agreement called for a sentence of 210

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months in prison followed by 10 years of supervised release. The district court accepted his plea agreement under Fed. R. Crim. P. 11(c)(1)(C).

Mr. Castillo did not file a direct appeal. His § 2255 motion alleged three claims for relief. He raises two of those issues here.

First, Mr. Castillo claims his Sixth Amendment right to counsel was violated. In the district court, he alleged his attorney failed to object to the base offense level in his presentence report ("PSR"). As the district court explained, the plea agreement disavowed any reliance on the Sentencing Guidelines, and the PSR was prepared after the court accepted his plea and plea agreement solely for the benefit of the Bureau of Prisons. In his request for COA, Mr. Castillo does not pursue this argument. Instead, he claims his counsel disregarded his instructions to file a timely notice of appeal. Because he did not make this argument in district court, we do not consider it here. *United States v. Renteria*, 720 F.3d 1245, 1252 (10th Cir. 2013); *United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005).

Second, Mr. Castillo claims violation of his Sixth Amendment right to have a jury rather than the court determine drug amounts attributable to him. Again, as the district court explained, it did not find facts concerning drug quantities attributable to him, and his case law authority, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), does not apply retroactively to cases on collateral review. *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). Mr. Castillo repeats his *Alleyne* argument in his request for COA. We agree with the district court that *In re Payne* precludes this argument.

For the foregoing reasons, we deny Mr. Castillo's request for COA and dismiss this matter.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge