**Ruben Dario PAEZ–FONTANA, Petitioner**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 14–1327 (FAB). Criminal No. 11–224 (FAB).**

United States District Court, D. Puerto Rico.

Filed June 27, 2014.

Signed July 17, 2014.

---

Ruben Dario Paez–Fontana, Yazoo City, MS, pro se.

Nelson J. Perez–Sosa, Carlos R. Cardona–Torres, U.S. Attorney's Office, San Juan, PR, for Respondent.

Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, San Juan, PR, for Petitioner.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarria v. Pichis, Inc.,* 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Her-*

*nandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On June 27, 2014, the United States magistrate judge issued a Report and Recommendation ("R & R") (Docket No. 6), recommending that petitioner Paez–Fontana's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) be denied because the motion was a successive one and the Court lacks jurisdiction to consider it, and because the grounds set forth in the motion are meritless. The parties had until July 16, 2014 to object to the R & R. Petitioner did not file an objection. Therefore, he has waived the right to further review in the district court. *Davet*, 973 F.2d at 30–31. The United States filed a motion to dismiss on July 2, 2014 (Docket No. 7). It argues in its motion that because petitioner Paez–Fontana did not seek permission from the court of appeals to file his second section 2255 petition, the Court does not have jurisdiction over the subject matter of the motion and must deny it.

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations.

Accordingly, petitioner Paez–Fontana's section 2255 motion is **DENIED.**

This case is **DISMISSED with prejudice.**

If petitioner files a ·notice of appeal, no certificate of appealability shall issue because there is no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING SECOND MOTION BROUGHT UNDER 28 U.S.C. § 2255*

JUSTO ARENAS, United States Magistrate Judge.

### I.

#### A. PROCEDURAL BACKGROUND

Petitioner was indicted on June 8, 2011 in a one-count indictment, along with three other defendants. (Crim. No. 11–0224, Docket No. 15). They are charged in that, from on or about the beginning of 2011 and continuing to on or about June 6, 2011, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, each of the defendants did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons to the grand jury known and unknown, to commit an offense against the United States, that is: a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii), namely, possession with intent to distribute (5) kilograms or more of a mixture and/or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii). A forfeiture allegation is also included in the indictment.

On November 28, 2014, 2001, petitioner entered a guilty plea. (Crim. No. 11–0224, Docket No. 65). He received a sentence of 135 months imprisonment after the court applied the advisory sentencing guidelines and followed the plea agreement entered into by the parties. Petitioner appealed and the court of appeals summarily affirmed the judgment of conviction, having concluded that there was no non frivolous basis for appeal. (Crim. No. 11–0224, Docket No. 139).

## B. FIRST MOTION UNDER 28 U.S.C. § 2255

Petitioner filed a first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on April 22, 2013. (Civ. No. 13–1310, Docket No. 1). The case was referred to a United States magistrate judge who recommended summary dismissal. (Civ. No. 13–1310, Docket No. 6). The court denied the motion to vacate under 28 U.S.C. § 2255 on August 9, 2013. (Civ. No. 13–1310, Docket No. 1). An appeal followed and the dismissal was affirmed in a terse judgment. The court of appeals summarized the disposition of the appeal by stating that counsel does not provide ineffective assistance in adhering to the terms of the plea agreement. (Civ. No. 13–1310, Docket No. 23). The request for a certificate of appealability was denied.

## C. SECOND MOTION UNDER 28 U.S.C. § 2255

Petitioner's second motion brought under 28 U.S.C. § 2255, filed on April 24, 2014 (Docket No. 1) relies on *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Petitioner reminds the court that it should review his pleading under a lesser standard. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Of course, because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Campuzano v. United States*, 976 F.Supp.2d 89, 97 (D.P.R.2013); *Proverb v. O'Mara*, 2009 WL 368617 (D.N.H. Feb. 13, 2009) at *1. Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997); *Boudreau v. Englander*, 2009 WL 2602361 at *1 (D.N.H. Aug. 24, 2009). While he has complied with these requirements in a sense, as liberally as his pleading might be construed, aside from the lack of merit in his argument, the court lacks subject matter jurisdiction over the petition. Thus my recommendation of dismissal.

## II.

■ Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998). Collateral attack on nonconstitutional and nonjurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States*, 37 F.3d 769, 772 (1st Cir.1994) (quoting *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. 468). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion. *See United States v. Kayne*, 90 F.3d 7, 14 (1st Cir.1996); *Hernandez–Albino v. United States*, 16 F.Supp.3d 10, 13–14, 2014 WL 1017890 at *3 (D.P.R. Mar. 14, 2014). Petitioner has raised such a claim, both in this petition and the previous one. Meritless as such

attacks appear on their face, the petition invites brevis disposition.

Congress has established limitations and requirements in order to file a motion under section 2255. In 1996, Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section. The last paragraph of section 2255 now reads:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

■ It is settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); *In re Goddard,* 170 F.3d 435, 436 (4th Cir.1999); *see Cintron–Caraballo v. United States,* 865 F.Supp.2d 191, 196–197 (D.P.R.2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. *United States v. Key,* 205 F.3d 773, 774 (5th Cir.2000); *Coplin–Bratini v. United States,* 2009 WL 605758 (D.P.R. Mar. 9, 2009), citing *Trenkler v. United States,* 536 F.3d 85 (1st Cir. 2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. *See e.g. Moreno–Morales v. United States* 334 F.3d 140, 145 (1st Cir.2003.)

■ Petitioner does not address the impediment to his filing that the first petition poses. The present petition is clearly such a second or successive 2255 motion. Since it is a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has made no such request. *See Sustache–Rivera v. United States,* 2014 WL 683968 at *2 (D.P.R. Feb. 20, 2014). Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the above-mentioned authorization. *United States v. Key,* 205 F.3d at 774; *Lassalle–Velazquez v. United States,* 2013 WL 4459044 at *2 (D.P.R. Aug. 16, 2013). However, the inquiry does not necessarily end here. The court should consider dismissal or transfer of the petition. The decision is easy. The lack of merit in the petition invites dismissal. I explain.

### A. *ALLEYNE v. UNITED STATES,* 570 U.S. ——, 133 S.Ct. 2151

Petitioner relies on a newly recognized right announced by the United States Supreme Court under 28 U.S.C. § 2255(f)(3). The date of that announcement is June 17, 2013, the date *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151 was decided.

In overruling its own case law, the Supreme Court held the following:

Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found

beyond a reasonable doubt. Mandatory minimum sentences increase the penalty of a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States,* 570 U.S. at ——, 133 S.Ct. at 2155.

■ Clearly, *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151 reads like and is an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and did set forth a new rule of constitutional law. However, the rule does not apply retroactively to cases (such as this one) on collateral review. *See United States v. Reyes,* 755 F.3d 210, 211–12, 2014 WL 2747216 at *1 (3rd Cir.2014); *United States v. Castillo,* 559 Fed.Appx. 701, 702 (10th Cir.2014), citing *In re Payne,* 733 F.3d 1027, 1029 (10th Cir.2013); *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir.2013); *Barrow v. United States,* 990 F.Supp.2d 76, 81–82, 2013 WL 6869654 at *5 (D.P.R.2013); *Ortiz–Aponte v. United States,* 2014 WL 2604723 at *2 (D.P.R. Jun. 11, 2014); *United States v. Popa,* 2013 WL 5771149 at *3 (D.Minn. Oct. 24, 2013); *cf. Schriro v. Summerlin,* 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). "*Alleyne,* [133 S.Ct. 2151] is not a new "watershed" decision but rather an extension of the Supreme Court's earlier decision in *Apprendi v. New Jersey,* 530 U.S. 466, [120 S.Ct. 2348, 147 L.Ed.2d 435] (2000)." *United States v. Popa,* 2013 WL 5771149 at *3 (citing cases cited above). Thus *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151 is not applied retroactively. *See Dodd v. United States,* 545 U.S. 353, 359–360, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *Moreno v. United States,* 2014 WL 2038419 at *3 (S.D.N.Y. May 15, 2014); *cf. Teague v. Lane,* 489 U.S. 288, 300–310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In any

event, there is no violation of *Alleyne v. United States,* 570 U.S. at ——, 133 S.Ct. 2151. *See United States v. Ramirez–Negron,* 751 F.3d 42, 48 (1st Cir.2014). (" . . . factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne.*"); *cf. Durfee v. United States,* 2014 WL 2608121 at *2 (D.N.H. June 11, 2014). Indeed the court flatly rejected the proposition that all drug quantity calculations made under the advisory Guidelines must be submitted to a jury. "That would be both contrary to *Alleyne* and an extension of *Alleyne.*" *Id.* at 49. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). Petitioner's second collateral attack on his conviction furthers such principles and to further discuss the merits of the argument defeats the intent of Congress to place limitations on collateral attacks.

## B. RECOMMENDATION

Because this is a second or successive motion under 28 U.S.C. § 2255, the court lacks jurisdiction to consider the same. Furthermore, the grounds relied upon are meritless, more so if the court compares the argument with the statements of petitioner made under oath at the plea hearing where the amount of drugs was stipulated as was his role in the offense. Petitioner clearly understood that he was being held accountable for at least 3.5 kilograms but less than five kilograms of cocaine, and that four levels were added to the guideline calculations because of his leadership

role in the criminal enterprise. (Crim. No. 11–0224, Docket No. 128 (Tr. Change of Plea) at 10–14). In short, petitioner received exactly what he negotiated for with the government.

In view of the above, I recommend that the motion under Title 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982)